## UNITED STATES v. WINDHAM.

(District Court, E. D. of South Carolina, at Florence.  March 16, 1920.)

No. 2819.

1. Statutes ⟪⟫165—Enactment covering whole subject impliedly repeals earlier one.

When a later statute is enacted, inconsistent with a preceding statute, and covering the entire ground of the subject-matter, it supersedes and impliedly repeals the preceding, especially when the later statute imposes penalties of less severity.

2. Internal revenue ⟪⟫39—Intoxicating liquors ⟪⟫132—Statutes to enforce liquor revenue are repealed by prohibition statute.

Rev. St. §§ 3258, 3279, 3281 (Comp. St. §§ 5994, 6019, 6021), which were enacted as part of the general plan of collecting internal revenue on the manufacture of intoxicating liquors, and impose fines for transportation or concealment before the tax had been paid, were impliedly repealed by the Prohibition Enforcement Act of October 28, 1919, which prohibited all manufacture and sale of intoxicating liquor for beverage purposes, and imposed smaller penalties for the transportation of liquor contrary to its provisions.

3. Criminal law ⟪⟫162—Statute adding extra penalty for same act is invalid as imposing double jeopardy.

If Act Oct. 28, 1919, tit. 2, § 35, repealing inconsistent provisions only to the extent of such inconsistency, and making the regulations for the manufacture or traffic in intoxicating liquors additional to existing laws, be construed as intended not to repeal the provisions imposing heavier penalties on the transportation and concealment of intoxicating liquors on which the revenue tax has not been paid, it would be invalid as imposing an additional penalty for the same act, contrary to Const. Amend. 5, prohibiting double jeopardy.

4. Internal revenue ⟪⟫39—Enforcement provisions do not apply to industrial alcohol under prohibition statute.

Rev. St. §§ 3258, 3279, 3281 (Comp. St. §§ 5994, 6019, 6021), imposing penalties for transporting or concealing liquor on which a revenue tax has not been paid, cannot be construed as continued in force to apply to alcohol manufactured and transported for industrial purposes under the provisions of Prohibition Act Oct. 28, 1919, tit. 3, which title provides a complete system for regulating alcohol and expressly exempts plants for manufacturing same from sections 3258, 3279.

Jack Windham was indicted for violating the provisions for the enforcement of internal revenue taxes upon intoxicating liquors, and he moves to quash the indictment.  Motion granted.

F. H. Weston, U. S. Dist. Atty., of Columbia, S. C., and J. W. Waring, Asst. U. S. Atty., of Charleston, S. C.

J. Monroe Spears, of Darlington, S. C., for defendant.

SMITH, District Judge.  At the call of the case for trial, Mr. J. M. Spears, counsel for the defendant, moved that the indictment be quashed, on the ground that the acts charged in the indictment are alleged to have been committed posterior to the 17th day of January, 1920, on which day the Eighteenth Amendment to the Constitution of the United States and the statute of October 28, 1919 (chapter 85), enforcing that amendment, took effect, and arguments of

counsel have been heard. It appears upon the face of the indictment in this case that the unlawful acts charged were committed after the 17th day of January, 1920, when the Eighteenth Amendment of the Constitution of the United States and the statute of October 28, 1919, enforcing that amendment, took effect.

The present indictment charges a violation of sections 3258, 3279, and 3281, Revised Statutes U. S. (Comp. St. §§ 5994, 6019, 6021). There are also on the calendar prosecutions against parties charged with transporting and concealing distilled spirits, contrary to the provisions of R. S. U. S. § 3296 (Comp. St. § 6038), under acts alleged in the indictments to have been committed after the 17th of January, 1920. These sections are part of a general statutory plan or scheme enacted many years ago for the purpose of protecting and collecting the revenue of the government. Under that plan, heavy taxes were imposed on the manufacture, vending and dealing in distilled and fermented liquors, containing alcohol as an ingredient, and heavy penalties prescribed for the violation of the provisions for the collections of these taxes, as well as for the transportation or concealment of such liquors before the tax levied had been paid. The revenue derived from these taxes constituted a large element in the country's income. For the purpose of providing this revenue, the policy of the country would appear to have encouraged the production of such taxable products. For the purpose of protecting the receipt of this revenue and preventing the evasion of its payment, the punitory sections of the statutes, containing, among others, the ones recapitulated, were enacted.

Since that time, the entire statutory policy of the country has changed. In lieu of encouraging or permitting the production and vending of such liquors, such production and use for beverage purposes is wholly prohibited. The entire system of deriving a revenue from taxes imposed on such production and use for beverage purposes has been abrogated. On the 28th of October, 1919, a statute was enacted covering the entire ground in providing for the inhibition of all liquors containing over one-half of 1 per cent. of alcohol for beverage purposes, and for its permitted manufacture and use in the restricted applications allowed, exclusive of beverage purposes.

[1] The general rule for the construction of statutes is that, when a later statute is enacted inconsistent with a preceding statute and covering the entire ground of the subject-matter, it supersedes and impliedly repeals the preceding statute. Especially is this the case when the later statute imposes penalties of less severity for the same offenses; the rule in favor of clemency being that, where different penalties are imposed for the same offense, the lighter penalty, when imposed in a later statute, is presumed to supersede the earlier and heavier.

[2] As, for instance, section 3296 imposes a penalty of a fine of not less than $200 nor more than $5,000, conjoined to imprisonment for not less than 3 months nor more than 3 years, for removing or concealing distilled spirits on which the tax has not been paid. By section 29 of the act of October 28, 1919, the punishment for unlaw-

ful transportation of liquors is for the first offense a fine of not more than $500, for the second offense a fine of not less than $100 nor more than $1,000, or imprisonment for not more than 90 days, and for any subsequent offense a fine of not less than $500 and imprisonment for not less than 3 months nor more than 2 years. Under sections 3258, 3279, and 3281 of the Revised Statutes, a punishment is imposed for the failure to perform an act required by law; but by the act of October 28, 1919, all these acts are prohibited, and to hold these sections still of force would be to hold that a man could be punished for failing to do that which he is prohibited from doing, and would not be allowed to do if he offered to.

[3] The question, however, arises whether the statute of October 28, 1919, expressly continues of force and refuses to repeal those sections of the Revised Statutes. By section 35 of title 2 of the statute of October 28, 1919, it is provided that all provisions of law inconsistent with that statute are repealed only to the extent of such inconsistency, and the regulations therein contained for the manufacture or traffic in intoxicating liquors are to be construed as an addition to existing laws, and further that that statute should not relieve any person from any liability, civil or criminal, theretofore or thereafter incurred under existing law.

In construing this section, it must be assumed that Congress had in mind the existing rules of law, as well as the rules of statutory construction. Under the provisions of the Fifth Amendment to the Constitution of the United States, prohibiting the placing of a party twice in jeopardy, and similar constitutional provisions, it has been held that the constitutional inhibition applies to any attempt to try a man twice and to punish him twice for the same offense. To such extent, therefore, as the last statute of October 28, 1919, would appear to cover and include the same offenses mentioned and described in the previous sections of the Revised Statutes of the United States, and to provide a punishment for them, it would be the imposing of different penalties and different punishments for the same offenses, against the constitutional inhibition.

The effect of the constitutional inhibition as contained in the Eighteenth Amendment is to prohibit the transportation or manufacture or sale or disposition for beverage purposes of liquors containing alcohol over the prohibited amount, and logically that would appear impliedly to repeal all provisions of law which contemplated such manufacture, sale, disposition, or use for those purposes; and, if so, any requirements to secure the payment of the tax, so as to authorize the party to manufacture, sell, or transport for the prohibited purpose, would appear to be repealed also.

The question, then, further arises whether the sections of the Revised Statutes and the prohibitions contained in the last statute of October 28, 1919, cover the same offenses, inasmuch as the prohibition of the sections of the Revised Statutes is against doing the things required with an intent to defraud the United States, or with intent to evade the tax, or when the tax has not been paid, while the provisions of the last statute are to prohibit their being done at all.

It appears to the court that where the deed is precisely the same, although under a different wording, the act would not constitute a separate offense. If a man were charged with a murder, although the murder may have been committed both by rifle and knife, he could not, after having been tried for committing the murder with a rifle, be retried for having committed it with a different weapon, on the ground that it was a separate offense. So, if he were tried for transporting liquor upon which the tax had not been paid, and then attempted to be retried for merely transporting it without permission, it would appear to the court to cover the same act and the same offense.

[4] On behalf of the government it is claimed that these sections of the Revised Statutes can all still have an application, inasmuch as by title 3 of the statute of October 28, 1919, alcohol is still allowed to be manufactured and transported; therefore these sections about manufacturing and transporting could still apply to any alcoholic spirits manufactured or transported, not in pursuance and compliance with the provisions of title 3 of the statute.

Title 3 of the statute provides a complete system with regard to the manufacture of what it terms industrial alcohol, and all plants for the manufacturing of industrial alcohol under that title are by section 9 of that title expressly exempted from the provisions of sections 3258 and 3279 of the Revised Statutes, and that title would appear, when carefully read, to institute a system for the manufacture of industrial alcohol independent of and differing from the system formerly existing for the manufacture of alcoholic spirits for beverage purposes.

Section 3258 requires every person having in his possession a still or distilling apparatus set up to register the same with the collector of the district, which provision is apparently superseded by section 2 of title 3 of the statute of October 28, 1919, which directs application to the Commissioner to be made for registration of an industrial alcohol plant.

Under section 3281 every person carrying on the business of a rectifier or wholesale liquor dealer, retail liquor dealer, etc. (which includes the dealing in liquor for beverage purposes), without having paid the special tax as required by law, or who shall carry on the business of a distiller without having given bond as required by law, or who shall engage in or carry on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, etc., is subject to prosecution and punishment for so doing; when, by the new statute, the carrying on of any of this business is absolutely prohibited, no tax is allowed to be paid for permission to carry it on for beverage purposes, and there cannot be any intent to defraud the United States of a tax which is not allowed to be levied as preliminary to a permission to carry it on.

Taking the new statute as a whole, its provisions would appear to cover and provide for the punishment of every act which could be punished under the former provisions of the Revised Statutes with regard to the manufacture and sale of liquors for beverage purposes. To hold that the old law is continued would therefore be to hold that two inconsistent sets of statutory provisions, punishing the same sub-

stantial act, and with differing penalties, were of force, and that a person could be prosecuted and punished under section 3 and section 6 of the new statute for transporting any liquor at all, without the required permit, and at the same time prosecuted and punished under the provisions of section 3296 for transporting liquor without having previously paid the tax that he is forbidden by law to pay.

Giving to the repealing clause of the last statute that construction which it would be assumed the legislative department intended— that is, that it should be construed in harmony with existing rules of law and the existing rules of statutory construction—it appears to the court that the sections referred to have been repealed by the last statute, and the indictment will be accordingly quashed.

Inasmuch, however, as under the warrant of arrest the act committed would be one for which the party would be liable to indictment or information under the last statute of October 28, 1919, if not under the section of the Revised Statutes referred to, if imprisoned, he will be detained until he can give bond for his release, or, if out on bond, his bond will be continued of full force for his appearance for trial whenever thereto lawfully required.