### UNITED STATES v. YUGINNI et al.

(District Court, D. Oregon. July 13, 1920.)

No. C. 8905.

Internal revenue ☜4—Laws relating to operation of distilleries repealed by Prohibition Act.

 The National Prohibition Act *held* to repeal by implication the provisions of the internal revenue laws relating to the operation of distilleries.

Criminal prosecution by the United States against Boze Yuginni and Cousin Boze Yuginni. On motion to quash indictment. Motion granted.

A. F. Flegel, Jr., of Portland, Or., Deputy U. S. Atty.
Barnett H. Goldstein, of Portland, Or., for defendants.

BEAN, District Judge. In the case of United States v. Yuginni there are two defendants indicted for a violation of the Internal Revenue Act (38 Stat. 745). They are charged with engaging in the business of a distiller without having paid the tax required by the statute, and without having exhibited the sign of a registered distillery, and without giving a bond, as required by the Revenue Act.

Demurrer has been filed, and motion to quash the indictment on the ground that it appears from the face of the indictment that the alleged crime was committed after the National Prohibition Act (41 Stat. 305) went into effect. It is argued that this act was intended by Congress to cover the entire subject of the manufacture and sale of intoxicating liquors, and that it is inconsistent with the Revenue Act, which provides for the levying of a tax upon distilleries and upon the liquor manufactured at such places.

The Prohibition Act is very comprehensive. It provides that no person shall, on or after the date when the Eighteenth Amendment goes into effect, manufacture, sell, barter, import, export, deliver, furnish, or possess any liquor, except as authorized in this act, and

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

then provides for the issuance of permits to manufacture liquor of certain grades and quality, provides the method of its manufacture, the labeling of the packages, the disposition of the liquor.

It is intended, as I take it, to cover the entire subject, and in my judgment supersedes and operates as a repeal of the previous act governing the operation of distilleries. It is true section 35 of title 2 of the Prohibition Act provides that it shall not relieve any one from paying any tax or other charges imposed upon the manufacture or traffic in liquor, and also provides that there shall be exacted and collected of any person responsible for the illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retailers and $1,000 on manufacturers.

It would seem, therefore, that Congress intended that one who manufactured liquor in violation of the Prohibition Act should nevertheless be liable for the tax thereon. In that event, however, it seems to me such a manufacturer must be proceeded against under the Prohibition Act, and not the revenue statute.

This conclusion is in harmony with that arrived at in United States v. Windham (D. C.) 264 Fed. 376. The reasoning of the opinion in that case appeals to me as sound.

The motion to quash will be allowed.