### REED v. THURMOND, U. S. Atty.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1920.)

#### No. 1824.

**Internal revenue ☞2—Intoxicating liquors ☞132—Volstead Act repealed prohibition of removal of untaxed liquors.**

The Volstead Act, prohibiting the manufacture and sale of intoxicating liquors, was a radical departure from the policy of the former laws to derive revenue therefrom, and completely covers the same subject-matter, including the transportation of such liquors, so that it impliedly repealed Rev. St. § 3296 (Comp. St. § 6038), which imposed on the removal from a distillery of liquors on which the tax had not been paid a penalty more severe than was imposed by the Volstead Act on the illegal transportation of liquor.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; H. H. Watkins, Judge.

Bruce Reed was convicted of unlawfully removing distilled spirits on which a tax had not been paid from a distillery, and of unlawfully concealing spirits which had been so removed, and he brings error. Reversed.

Walter M. Dunlap, of Rock Hill, S. C., for plaintiff in error.

J. Wm. Thurmond, U. S. Atty., of Edgefield, S. C., and C. G. Wyche, Asst. U. S. Atty., of Greenfield, S. C., for defendant in error.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before KNAPP, Circuit Judge, and SMITH and WEBB, District Judges.

KNAPP, Circuit Judge. Plaintiff in error, hereinafter referred to as defendant, was indicted in two counts, which charge that on the 3d day of March, 1920, he (1) "did unlawfully remove and aid and abet in the removal of certain distilled spirits, to wit, one-fourth gallon, upon which the tax imposed by law had not been paid, from a distillery to the grand jurors unknown, to a place other than a distillery warehouse provided by law," and that he (2) "did unlawfully conceal and did aid and abet in the concealment of certain distilled spirits," in the quantity above named, which had theretofore been removed from an unknown distillery to a place other than a distillery warehouse provided by law. The indictment is laid under section 3296 of the Revised Statutes (Comp. St. § 6038) and follows its language.

The testimony shows that certain revenue officers, accompanied by some county officials, acting upon a rumor that whisky was being sold at Catawba Junction, in York county, S. C., went there to investigate on the evening of March 3, 1920. Search was made of the waiting room in the Southern Railway Company's station, but no whisky discovered. Finding the defendant, Bruce Reed, in the neighborhood, they questioned him, and he acknowledged that he had some whisky, and showed the officers where it was concealed in the freight room of the station. There was about a quart of it in a half gallon fruit jar. Defendant was thereupon arrested. The further evidence of the government tended to show, and warranted the jury in finding, that the whisky thus found was "blockade" or contraband whisky, on which no tax had been paid. Defendant testified that it had been in his possession "pretty close to a day and a half," and that he had obtained it "from a man coming along changing trains," who had it in a suit case. The jury found him guilty, and he was sentenced to five months in York county jail and to pay a fine of $200.

We put aside all other contentions of defendant in order to decide the case on a more generic and fundamental ground, not advanced or considered in the court below. As above stated, he is charged with the violation of section 3296 of the Revised Statutes, and manifestly his conviction thereunder cannot stand, if that section was repealed or superseded by the act of October 28, 1919, commonly known as the Volstead Act (41 Stat. 305), which went into effect, for all purposes now in hand, on the 17th of January, 1920, the date of the adoption of the Eighteenth Amendment.

It goes without saying that this amendment and the act passed by its authority effected a radical change in the legislative policy and attitude of the country respecting alcoholic beverages. Instead of encouraging, or at least recognizing as legitimate, the production and use of such beverages, and deriving a very large revenue therefrom, the manufacture and sale of any sort of beverage containing one-half of 1 per centum of alcohol or more is now wholly and strictly forbidden. This being so, it would seem necessarily to follow, under the

most familiar rules of statutory construction, that if the Volstead Act is inconsistent with the provisions of section 3296 and also covers the same subject-matter, it supersedes and by implication repeals that section. And to our minds the Volstead Act, in its entire scope and purpose, is plainly inconsistent with the scheme of revenue protection embodied in the Revised Statutes and in the section under review.

Specifically, it is enough to point out that under the former law defendant incurred the penalty for the offense of which he was convicted of both fine and imprisonment, whereas under the present law the punishment for a first offense is limited to a fine of not more than $500. Nor does it seem doubtful that the Volstead Act embraces the entire subject-matter of section 3296. Certainly it covers everything defendant did or was accused of doing; that he could have been convicted under it is not open to question. In short, we are of opinion that offenses of the kind here in question, which have been committed since the Volstead Act went into effect, are punishable only under that act; and we agree with the views expressed in the well-considered opinion in United States v. Windham (D. C.) 264 Fed. 376, from which the following is quoted:

"Taking the new statute as a whole, its provisions would appear to cover and provide for the punishment of every act which could be punished under the former provisions of the Revised Statutes with regard to the manufacture and sale of liquors for beverage purposes. To hold that the old law is continued would therefore be to hold that two inconsistent sets of statutory provisions, punishing the same substantial act, and with differing penalties, were of force, and that a person could be prosecuted and punished under section 3 and section 6 of the new statute for transporting any liquor at all, without the required permit, and at the same time prosecuted and punished under the provisions of section 3296 for transporting liquor without having previously paid the tax that he is forbidden by law to pay."

See, also, United States v. Yuginni et al. (D. C.) 266 Fed. 746.

As defendant was improperly convicted, the judgment must be reversed, and a new trial ordered.

Reversed.