### PUMMILLI v. RIORDAN, Internal Revenue Collector.

(District Court, W. D. New York.   November 22, 1920.   On Rehearing, June 24, 1921.)

1. **Internal revenue ⬌2—Provision for civil remedy and criminal punishment held valid.**

    A provision assessing a tax, and with a penalty declared not to absolve from criminal liability, is not invalid as to provision for both civil remedy and criminal prosecution.

2. **Internal revenue ⬌2—Provisions of Internal Revenue Act for collections held not repealed by National Prohibition Act.**

    Procedure for collecting the taxes assessed under the National Prohibition Act for illegal manufacture or sale of liquor with additional penalty is governed by the Internal Revenue Law; such procedure not being inconsistent with the Prohibition Act and not repealed by implication.

On Rehearing.

3. **Internal revenue ⬌28—Collection of taxes and penalty for illegal manufacture and sale cannot be enjoined.**

    As the provisions of the Internal Revenue Act for collection apply to the taxes and penalty under the National Prohibition Act for illegal manufacture and sale, collection thereunder cannot be restrained; there being adequate remedy by proceedings to obtain a refund, and subsequent suit, if necessary, for recovery.

4. **Internal revenue ⬌28—Existence of other license as defeating tax and penalty cannot be determined on application for injunction, which does not lie, to restrain collection.**

    As injunction does not lie to restrain collection of tax and penalty under the National Prohibition Act by the internal revenue collector, the contention that the petitioners owed no tax, because they had paid annual retailers' license fee, which had not expired, was not determinable in a suit for injunction.

In Equity.   Bill for injunction by Fillippo Pummilli against Vincent H. Riordan, as Collector of Internal Revenue.   On motion for injunction pendente lite.   Motion for rehearing denied, and all injunctions vacated.

George P. Keating, of Buffalo, N. Y., for plaintiff.

Edward N. Mills, Asst. U. S. Atty., of Buffalo, N. Y., for defendant.

HAZEL, District Judge.   This is a motion in an action in equity to restrain the Collector of Internal Revenue for this district from collecting taxes and penalties levied by him upon the plaintiff under the provisions of section 35 of the National Prohibition Act (41 Stat. 317). The assessment and accruing penalty amount to $533.76.   The bill avers that the plaintiff sold beer in the city of Buffalo containing an alcoholic content, as claimed by the Commissioner of Internal Revenue, in excess of one-half of 1 per cent., in violation of the National Prohibition Act, commonly known as the Volstead Act; that no revenue taxes are collectible for the manufacture and sale of beer, since such manufacture and sale is prohibited by law; that the assessment and penalties imposed are for violations of the criminal statute, and not for

violation of any revenue laws, and accordingly the assessment and levy in question is unlawful, and not legally collectible, since all penalties in violation of the Volstead Act are penalties for crimes and misdemeanors, and not for nonpayment of taxes. The government objected to the jurisdiction of the court, and sought a cancellation of the temporary stay on the ground that the bill is without equity.

Title I, section 2, and title II, section 2, of the act under consideration, vest certain powers and duties in the Commissioner of Internal Revenue, his assistants, agents, and inspectors, in the prosecution of offenders, and in having them held for the grand jury. By section 28 power is vested in such officers to enforce the provisions of the Volstead Act, or any provision thereof, which is conferred by law for the enforcement of existing laws relating to the manufacture and sale of intoxicating liquors under the law·of the United States, and section 35 reads:

"All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. This act shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve any one from criminal liability, nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws.

"The commissioner, with the approval of the Secretary of the Treasury, may compromise any civil cause arising under this title before bringing action in court; and with the approval of the Attorney General he may compromise any such cause after action thereon has been commenced."

[1] It seems reasonably clear that Congress intended to repeal only such parts of the existing laws as are inconsistent with this act, while any provisions remaining in harmony therewith were retained. For violating the Volstead Act by manufacturing or dealing in intoxicating liquor a person is not relieved from paying taxes or other charges imposed by the Commissioner simply because he also subjects himself to criminal liability. Although no tax receipts are issuable by the collector of internal revenue in advance, or licenses granted for manufacturing or dealing in such liquor, still persons who disobey the law subject themselves to a double liability, viz. punishment for criminal violation, and assessment of a tax against them to be collected as section 35 states "from the person responsible for such illegal manufacture or sale in double the amount·now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers." Such a provision for both a civil remedy and a criminal punishment is not void. U. S. v. One Ford Automobile and Fourteen Packages of Distilled Spirits (C. C. A.) 262 Fed. 374.

The regulations embodied in the National Prohibition Act, it will be observed, are an addition to the existing laws. It is true that, before

there may be an assessment with a penalty, there must be evidence of illegal manufacture or sale; but the term "evidence" implies a state of facts from which inferences may be drawn as to the existing facts, and does not, in my opinion, mean judicial evidence received under the rules of legal procedure. Although it is not specified that the tax assessed for illegal manufacture or sale may be collected by summary procedure, still I think effect must be given to section 28, which makes clear the intention of Congress that the Commissioner of Internal Revenue retained under the Volstead Act the power which existed at the time of its enactment for enforcing criminal laws relating to the manufacture or sale of intoxicating liquors, or any provision thereof which is conferred by law for the enforcement of existing laws, etc. See, also, section 23. Congress is presumed to have been familiar with the law that no suit for the purpose of restraining the assessment or collection of any tax is maintainable in any court, and no doubt purposely retained the enforcement of the taxing feature for illegal manufacture or sale according to the existing revenue laws.

Importance is attached to the authority given the Commissioner to compromise any civil cause arising under title II, and it is argued that a fair construction of the clause is that penalties imposed must be recovered in a civil action or recovered as an additional penalty in a sentence after conviction by the trial court. But any such construction of the phrase "civil cause" would be illiberal, in view of the character of civil actions that may be brought in the name of the United States under the provisions of the act.

The case cited by the plaintiff in support of his main contention, U. S. v. Windham (D. C.) 264 Fed. 376, is not believed applicable. The defendant in that case was criminally indicted under the internal revenue laws after the Volstead Act was passed, and the court held that the latter act, in this particular, was inconsistent with the statute under which the indictment was found. The former act no doubt was superseded by the later as to the character of the offenses arising from illegal dealing in intoxicating liquor. The penalties for similar offenses were different, and, as stated by the learned court, the existing provisions providing for punishment were repealed to that extent. In this case, however, we are not concerned with the criminal feature of the revenue laws, or with an attempt to try an offender twice, or punish him twice, for the same offense.

[2] The sole question is whether the tax and charges for illegal dealing imposed by the Commissioner of Internal Revenue under the provisions of the act are collectible by the mode of procedure prescribed by the existing internal revenue law, or whether its enforcement is required by criminal prosecution or in a civil action. The answer is that the procedure for collecting the taxes assessed for the illegal manufacture or sale of liquor with the additional penalty is governed by the internal revenue law, and such procedure in my opinion is not inconsistent with the National Prohibition Act, and is not repealed by implication. In U. S. v. Yuginni (D. C.) 266 Fed. 746, the court broadly held that one who manufactures liquor in violation of the Prohibition Act, though liable for the tax thereon, must nevertheless be proceeded

against under the Prohibition Act, and not the revenue statute. But this decision was in a criminal case, wherein the defendant was indicted for violation of the Internal Revenue Act and the court, as I read the opinion, held (properly, I think) that a prosecution by indictment for engaging in the business of a distiller without having paid the tax required by law must be under the Prohibition Act, and not the revenue statute.

The motion is denied.

## On Rehearing.

On reargument on application of Fillippo Pummilli, and the following interveners: Harold S. Gall, Herbert Skerrit, Henry C. Heinike, George Ahmler, Robert Arnold, Edward Golwitzer, John Leyden, F. L. Heitzman, William Metzger, H. W. Zimmerman, F. W. Lang, Nate Fenton, Daniel Montgomery, Godfrey Prenevau, Max Sellers, and separate suits against George B. Wende, as acting Collector of Internal Revenue, by Max Lubelski, by Charles Fix and Frank F. Fix, by Joseph L. Schneider, by Louis Smith, by Frances Bauer, by Salvatore Agnello, by Peter Varlan, by Raymond A. Nunn, by Frank J. Kolb, by Michael A. Zeller. by John A. Dicks, by Frank J. Schulte, by William McDonald, by Willey H. Almy, and by James Sbarbati, and against Bert P. Gage, Collector of Internal Revenue, by Thomas McCormick.

George P. Keating, of Buffalo, N. Y., for Pummilli, Heitzman, Metzger, Zimmerman, and Lang.

Goldring & Sherman, of Buffalo, N. Y., for Fenton.

William W. Dickinson, of Buffalo, N. Y., for Lubelski and Schneider.

Ernest W. McIntyre, of Buffalo, N. Y., for Heinike, Skerrit, Golwitzer, Arnold, Ahmler, Leyden, Gall, Montgomery, and Prenevau.

Stanley & Gidley, of Buffalo, N. Y., for Charles and Frank F. Fix.

Corcoran & Corcoran, of Buffalo, N. Y., for Smith.

G. H. Wende, of Los Angeles, Cal., for Bauer.

William J. Brock, of Buffalo, N. Y., for Sellers.

Watts, Hunt & Findlay, of Niagara Falls, N. Y., for McCormick, McDonald, and Sbarbati.

Doyle & Corcoran, of Rochester, N. Y., for Agnello, Varlan, Nunn, Kolb, Zeller, Dicks, and Schulte.

Harry H. Servis, of Rochester, N. Y., for Almy.

HAZEL, District Judge. Since filing the original opinion prepared by this court herein, the Supreme Court, in U. S. v. Yuginovich, 256 U. S. ——, 41 S. Ct. 551, 65 L. Ed. —— (decided June 1, 1921), construed section 35 of the National Prohibition Act to mean that the intention of Congress was to retain the prior revenue laws in so far as they were not inconsistent with the National Prohibition Act, and that Congress had the right, under its taxing power, to tax intoxicating liquors notwithstanding their illegal manufacture or sale, and prescribe penalties for violations. Such is the prior holding of this court in this case.

The Supreme Court, it is contended, did not, however, directly pass upon the question of how the additional penalty of $500 on retail dealers and $1,000 on manufacturers was to be assessed and collected— whether in a civil action or by distraint and sale under section 3187, R. S. (Comp. St. § 5909). It was my original opinion that the assessment of a double tax, including the additional penalty, was collectible by distraint and sale; but since filing the opinion several decisions rendered in other jurisdictions expressing views to the contrary have been shown me, and I have therefore re-examined the questions involved in these cases. Such adjudications are: Accardo v. Fontenot (D. C.) 269 Fed. 447; Kausch v. Moore (D. C.) 268 Fed. 668; Thome v. Lynch, (D. C.) 269 Fed. 995.

In the Accardo Case Judge Foster ruled that the taxes and penalties under section 35 of the National Prohibition Act were merely additional penalties for violation of a criminal statute, and that a suit to enjoin collection was maintainable, since the correct determination of the question involved depended upon the construction of provisions under which the assessment was made.

In the Kausch Case it was held by Judge Faris that it was the duty of the plaintiff in that case, who sought to enjoin the collector, to pay all taxes assessed, and that for failure to pay distraint was warranted, but that, since the additional penalty ·in his opinion was punitive, the collector did not have the right to distrain the plaintiff's property for its collection, as section 3224, R. S. (Comp. St. § 5947), does not apply to such a penalty.

In, the Thome Case Judge Booth also held that the collector of internal revenue, though authorized to collect taxes by distraint, could not collect penalties in general by that method, except the 5 per cent. penalty added under section 3184, which were the penalties that could properly be taxed.

In the Yuginovich Case, supra, the Supreme Court had before it an indictment charging defendant with unlawfully engaging in the business of a distiller and defrauding the United States of the tax on spirits. The question was whether the defendant could be punished under section 3257, R. S. (Comp. St. § 5997) providing for forfeitures and fines, and also whether he was punishable for violating section 35 of the Volstead Act. It is substantially stated in the opinion of the court that section 35 must be construed in the light of legal principles governing the interpretation of statutes, and that, though Congress manifested an evident intention to tax liquors illegally, as well as those legally, produced, yet it did not intend to preserve old penalties in addition to the specific punishments provided by the Volstead Act for a violation.

The collection of the assessed double tax and penalty with which we are concerned, as heretofore stated, is specifically included in section 35, and at least by inference it may be adduced that the Supreme Court regarded such penalty as a part of the tax, and that manufacturers or traffickers in intoxicating liquor were subject thereto, and moreover that the assessment was distinguishable from a criminal penalty.

In support of my former conclusion the case of Regal Drug Corporation v. Wardell, 273 Fed. 182, recently decided by the Circuit Court of Appeals for the Ninth Circuit, is instructive. There the precise question here considered was determined against the plaintiff, who sought to enjoin the collector from enforcing the tax and additional penalty. It was contended there, as here, that the liability of the offender was for the penalty and not for a tax, and that the penalty could be enforced only by proceedings in court, and not by a summary proceeding of an assessment. But the court in answer quoted section 3220 of the Revised Statutes (Comp. St. § 5944), wherein it is substantially provided that the Commissioner of Internal Revenue had the power to remit, refund, or pay back all taxes erroneously or illegally assessed or collected, including all penalties collected without authority, and since it did not appear that the plaintiff had sought to have such erroneous taxes and penalties remitted or refunded to him, as provided by statute, the court was required to give effect to section 3226, R. S. (Comp. St. § 5949), which provides that no suit shall be maintained in any court for the recovery of an internal tax or penalty, etc., and upon the authority of Cheatham v. U. S., 92 U. S. 85, 23 L. Ed. 561, and Dodge v. Osborn, 240 U. S. 118, 36 Sup. Ct. 275, 60 L. Ed. 557, it was decided that the suit in equity could not be maintained, since the remedy for erroneous assessment and collection was in an action to recover back the tax and penalty after payment. Snyder v. Marks, 109 U. S. 189, 3 Sup. Ct. 157, 27 L. Ed. 901. In Appell v. Miles, a suit pending in the Supreme Court of the District of Columbia, the bill asking for temporary injunction to restrain the collection of the double tax and penalty was vacated. Although no written opinion was filed in that case, it may be presumed that the court based its conclusion upon the decision by the Supreme Court in the Yuginovich Case.

[3] The question presented is not, in my opinion, free from difficulty and doubt, but I nevertheless think that those actions to restrain the collector of internal revenue cannot now be maintained, since there is a plain, adequate, and complete remedy at law. Regal Drug Corporation v. Wardell, supra; Dows v. Chicago, 11 Wall. 108, 20 L. Ed. 65; Pacific Express Co. v. Seibert, 142 U. S. 339, 12 Sup. Ct. 250, 35 L. Ed. 1035. Under section 3226, R. S., such a suit for the recovery of an internal tax or penalty improperly collected may not be brought until after the Commissioner, to whom an appeal must be taken, has delayed making a decision for more than six months.

[4] It is also contended by plaintiff Pummilli and several interveners that they have paid the annual retailer's license fee, amounting to $25; that the license did not expire until July 1, 1920, and hence no tax was owing to the government or collectible at the time the assessments were made. But any questions of that character are not determinable here.

The applications for rehearing are denied, and all injunctions are vacated.