**FONTENOT, Collector of Internal Revenue, et al. v. ACCARDO, with four other similar cases.**

(Circuit Court of Appeals, Fifth Circuit. February 15, 1922.)

Nos. 3669–3671, 3715, 3720.

**I. Taxation ☞1—Penalties ☞1—"Tax" and "penalty" distinguished.**

A "tax" is a pecuniary burden laid upon individuals or property for the purpose of supporting the government, while a "penalty" is in the nature of a punishment and is collectible usually by fine or by suit, and yet the latter may be termed a duty or tax, and still be a penalty.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Penalty; Tax—Taxation.]

**2. Internal revenue ☞45—"Tax" provisions in National Prohibition Act are "penalties" whose enforcement may be enjoined.**

The so-called taxes or penalties prescribed by the National Prohibition Act, tit. 2, § 35, on account of the sale or manufacture of intoxicants, are merely additional penalties for violation of a criminal statute, and a suit to enjoin collection of such penalties does not fall within Rev. St. § 3224 (Comp. St. § 5947), declaring that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.

**3. Internal revenue ☞45—Provisions as to distraint under revenue law do not apply to penal provisions of National Prohibition Act.**

The provisions of internal revenue laws relative to assessment and summary collection by distraint of internal revenue taxes are not applicable to the assessment and collection of the taxes prescribed by the National Prohibition Act, tit. 2, § 35, as additional penalties for violation.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeals from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Bills in equity by Tom Accardo, by William Struve, and by Sam M. Carlisi, against Rufus W. Fontenot, Collector of Internal Revenue, and another, and by William H. Kenny and by Frank Albano against Joseph H. Hynson, Collector of Internal Revenue, and another, to restrain the collection of certain taxes and penalties assessed by the Commissioner of Internal Revenue under the National Prohibition Act. From decrees in favor of plaintiffs (269 Fed. 447), defendants appeal. Affirmed.

No. 3669:

Henry Mooney, U. S. Atty., and Wm. J. O'Hara, Asst. U. S. Atty., both of New Orleans, La., for appellants.

Hugh M. Wilkinson and Arthur J. Peters, both of New Orleans, La., for appellee.

No. 3670:

Henry Mooney, U. S. Atty., and Wm. J. O'Hara, Asst. U. S. Atty., both of New Orleans, La., for appellants.

Hugh M. Wilkinson, of New Orleans, La., for appellee.

No. 3671:

Henry Mooney, U. S. Atty., and Wm. J. O'Hara, Asst. U. S. Atty., both of New Orleans, La., for appellants.

John R. Upton, of New Orleans, La., for appellee.

No. 3715:

Louis H. Burns, U. S. Atty., of New Orleans, La., for appellants.

Edward Dinkelspiel, of New Orleans, La., for appellee.

No. 3720:

Louis H. Burns, U. S. Atty., of New Orleans, La., for appellant.

Henry L. Landfried, of New Orleans, La., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Appellees, by separate bills of complaint, sought and obtained temporary injunctions against appellants, the former and the present collector of internal revenue, respectively, restraining them from proceeding to collect by distraint proceedings certain assessments made against appellees in pursuance of section 35 of the National Prohibition Act, 41 Stat. 305. The cases present the same questions of law and fact, and may be disposed of in one opinion.

The bills in the first three cases aver that the assessments were based upon illegal sales of liquor, while the bill filed by Kenny alleges that the assessment was based upon the illegal manufacture of liquor. The bill filed by the appellee Albano is meager in its allegations, but enough appears to show that the assessment was based upon either the illegal manufacture or the illegal sale of liquor. In all of the cases identical motions were made to dismiss, on the ground that the court was without jurisdiction, because of section 3224 of the Revised Statutes (Comp. St. § 5947), which provides:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The court held that the assessments were assessments, not of taxes, but of penalties, and that suits for the purpose of restraining the collection of penalties were not prohibited by section 3224. The opinion of the District Judge appears in 269 Fed. 447.

The correctness of these rulings depends upon the proper construction of section 35 of the National Prohibition Act, hereinafter, for brevity's sake, designated as the act, which is as follows:

"All provisions of law, that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. This act shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve anyone from criminal liability, nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws. The commissioner, with the approval of the Secretary of the Treasury, may compromise any civil cause arising under this title before bringing action in court; and with the approval of the Attorney General he may compromise any such cause after action thereon has been commenced."

None of the bills averred a tender of the so-called "tax," as distinguished from the additional "penalty," and it may be assumed that the bills should have been dismissed if any part of an assessment authorized by the above-quoted section is in reality an assessment of a tax.

The act was passed to meet a situation which was about to arise by reason of the complete change in policy due to the adoption of the Eighteenth Amendment. Theretofore, and while the government derived a large part of its revenue from taxes imposed upon the manufacture and sale of liquor, Congress from time to time had enacted many laws for the purpose of protecting that revenue. A complete and effective, though complicated, plan had been perfected for the assessment and collection of taxes derived by the government from the liquor business, among which were provisions which authorized the Commissioner of Internal Revenue to make assessments and the collectors of internal revenue of the various districts to proceed after notice to collect taxes by summary distraint proceedings, not only out of the property immediately used in connection with that business, but out of any property real or personal possessed by persons engaged therein.

The act of Congress, passed to enforce the Eighteenth Amendment, is a highly penal statute. It is not a revenue measure. Whatever charges still remain upon prohibited beverage liquors are imposed for the purpose of preventing the manufacture and sale thereof. Many provisions of the old laws which had proved useful in protecting revenue can be used effectively in preventing violations of the prohibitory act, and hence we find that section 35 repeals the revenue laws only in so far as they are inconsistent with the provisions of the act; but

the purpose of the old provisions changed upon their adoption by the new act, so that laws originally intended to protect revenue by the change became laws in aid of prohibition.

The act is itself a complete piece of legislation. In broad and comprehensive terms, title 2 deals exhaustively with the subjects of the manufacture, sale, and transportation of liquors for beverage purposes. By specific provisions it provides its own punishments, forfeitures, and penalties. It makes violations of its requirements crimes, and makes punishable by fine and imprisonment every act that was so punishable under the revenue laws. It subjects to forfeiture or destruction all property forfeitable under the revenue laws, including liquor illegally possessed and apparatus designed for use in the manufacture thereof. It provides for the forfeiture of vehicles used in the transportation of liquor.

It provides in section 35 for assessments on account of the illegal manufacture or sale of liquor. If this section authorizes a tax assessment, the collection of the tax may not be enjoined; but if it authorizes a penalty assessment, section 3224 is inapplicable and injunction may issue upon proper showing for relief.

[1] A "tax" had been defined by the Supreme Court, in New Jersey v. Anderson, 203 U. S. 492, 27 Sup. Ct. 140, 51 L. Ed. 284, to be "a pecuniary burden laid upon individuals or property for the purpose of supporting the government," and in Houck v. Little River District, 239 U. S. 254, 36 Sup. Ct. 58, 60 L. Ed. 266, to be "an enforced contribution for the payment of public expenses." A "penalty," on the other hand, is in the nature of a punishment (Helwig v. United States, 188 U. S. 605, 611, 613, 23 Sup. Ct. 427, 47 L. Ed. 614), and is collectible usually by fine or by suit. It may be termed a duty or tax and yet be a penalty. Its name does not determine its nature.

There are important differences between the revenue laws and the act concerning the illegal manufacture and sale of liquor. Different punishments are imposed. Under Revised Statutes, § 3242 (Comp. St. § 5965), the minimum punishment imposed for each offense upon every person who carried on the business of a retail liquor dealer without having paid his license tax was a fine of not less than $1,000 nor more than $5,000, and in addition imprisonment for not less than six months nor more than two years. Under section 29 of the act one who manufactures or sells liquor is punishable for the first offense by a fine of not more than $1,000, or by imprisonment not exceeding six months. In United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. ——, decided June 1, 1921, the Supreme Court said:

"In construing penal statutes, it is the rule that later enactments repeal former ones practically covering the same acts, but fixing a lesser penalty."

There is a vital difference also in the method of enforcing the collection of assessments. Distraint proceedings were not authorized under the revenue laws until notice had been given to the person claimed to be liable, and an opportunity afforded to pay the tax. The moderate penalty of 5 per cent. could be assessed only upon failure to pay the tax within 10 days after notice. Under section 35 of the act no notice

is required to be given or opportunity afforded to pay the so-called tax before the assessment of a penalty in a considerable amount is authorized.

While under the revenue laws one claimed to be liable had no means of preventing the government from collecting a tax imposed upon him, yet it was provided by section 3226 that he could recover back by suit a tax illegally assessed and collected. But it is not contemplated by any provision of law that one who is forced to pay an illegal penalty can recover it back by suit. Nor is it the law that a penalty as such is collectible by distraint proceedings. Section 3213 (Comp. St. § 5937) makes it the duty of collectors to sue for the collection of penalties and forfeitures, and opportunity is thus afforded for a hearing and defense.

The fact that section 35 of the act does not provide for notice is persuasive that it was intended to assess penalties, to be enforced in the usual way by fine or by suit. If it had been intended to assess taxes, no doubt a requirement of notice before distraint, levy, and sale would have been provided in order to give opportunity to be heard. In Central of Ga. Ry. Co. v. Wright, 207 U. S. 127, 28 Sup. Ct. 47, 52 L. Ed. 134, 12 Ann. Cas. 463, it was held that a system of taxation by statute in Georgia, as construed by the highest court of that state, which did not allow the taxpayer an opportunity to be heard as to the valuation of his property, though not returned by him, except upon allegations of fraud or corruption, did not afford due process of law; and it is stated in the opinion that—

"Somewhere during the process of the assessment the taxpayer must have an opportunity to be heard, and that this notice must be provided as an essential part of the statutory provision and not awarded as a mere matter of favor or grace."

It was held by the Supreme Court in United States v. Yuginovich, supra, that Congress has the power to tax liquors, notwithstanding their production is prohibited and punished, and that in the passage of the act it manifested "the intention to tax liquors illegally as well as those legally produced." The opinion in that case was dealing with an indictment charging violations of sections 3257, 3279, 3281, and 3282 of the Revised Statutes (Comp. St. §§ 5993, 6019, 6021, 6022), and the court held that the prosecution would not lie, because the sections named had been supplanted by the Eighteenth Amendment and the provisions of the act.

It will be noted that section 35 of the act authorizes an assessment not upon liquor, but upon the illegal manufacture or sale of liquor. That is made clear by the provision that payment of the tax or penalty shall not be made in advance, and when made shall give no right to engage in the manufacture or sale of liquor. A license to engage in the business of a manufacturer of liquor, or in that of a retail liquor dealer, cannot any longer be obtained. The act so declares, and a license for such a business would be inconsistent with the whole purpose of the Eighteenth Amendment. A license tax is something which one who engages in a lawful business or occupation may be obliged to pay. When the occupation is made unlawful, the license tax

thereon is no longer collectible, but is repealed. The act does not anywhere levy any taxes, and its whole purpose is inconsistent with the theory that it was intended to continue license taxes upon manufacturers or retail liquor dealers. Section 35 is consistent with the general purpose of the act to prohibit, to punish, to forfeit, and to assess penalties. We do not think, therefore, that the assessments here involved were tax assessments.

There is much conflict in the decisions upon the effect of the act on the revenue laws. It has been held that it operated to supersede the sections of the Revised Statutes mentioned below in the following cases: U. S. v. Yuginovich, U. S. Supreme Court, June 1, 1921, supra (sections 3257, 3279, 3281, 3282); U. S. v. Yuginni (D. C.) 266 Fed. 746 (same sections); U. S. v. Windham (D. C.) 264 Fed. 376 (sections 3258, 3279, 3281, 3296); U. S. v. Statoff (D. C.) 268 Fed. 417 (sections 3258, 3282); U. S. v. One Haynes Automobile (D. C.) 268 Fed. 1003 (section 3450); Reed v. Thurmond (C. C. A.) 269 Fed. 252 (section 3296); Ketchum v. U. S. (C. C. A.) 270 Fed. 416 (sections 3257, 3258, 3260, 3279, 3342); U. S. v. One Haynes Automobile (C. C. A.) 274 Fed. 926 (section 3450).

On the other hand, it has been held that the sections named below were not superseded by the act in the following cases: U. S. v. Sohm (D. C.) 265 Fed. 910 (sections 3258, 3260, 3282); U. S. v. Turner (D. C.) 266 Fed. 248 (section 3296); U. S. v. Sacein Rouhana Farhat (D. C.) 269 Fed. 33 (sections 3258, 3260, 3279); U. S. v. One Essex Automobile (D. C.) 266 Fed. 138 (section 3450); U. S. v. One Essex Automobile (D. C.) 276 Fed. 28 (section 3450); The Tuscan (D. C.) 276 Fed. 55 (section 3450); Reo Atlanta Co. v. Stern, 279 Fed. 422, decided by Judge Sibley, January 16, 1922 (section 3450).

The only sections involved in the foregoing decisions which it plausibly can be argued were not covered by the decision of the Supreme Court in the Yuginovich Case are sections 3296 and 3450.

It has been held, in cases similar to these, that injunctions will lie, in Thome v. Lynch (D. C.) 269 Fed. 995; and in Kausch v. Moore (D. C.) 268 Fed. 668. On the other hand, it has been held that injunctions will not lie, in Ketterer v. Lederer (D. C.) 269 Fed. 153; in Lipke v. Lederer (D. C.) 274 Fed. 493; and in Pumilli v. Riordan (D. C.) 275 Fed. 846. Regal Drug Corporation v. Wardell (C. C. A.) 273 Fed. 182, is not considered in point. The complainant had a permit to sell industrial liquors, and attempted to enjoin the taxes assessed thereon as well as the penalties prescribed by the act.

[2, 3] We are of opinion that the assessments involved in these cases were assessments of penalties and are not collectible by distraint proceedings. Of course, the collection of penalties can be enforced by the methods and proceedings authorized by law.

The decrees are affirmed.