### UNITED STATES ex rel. COLLECTOR OF INTERNAL REVENUE, TWELFTH DIST., PA., v. ZERBEY.

(District Court, M. D. Pennsylvania. June 23, 1922.)

#### No. 1222.

**Intoxicating liquors** ⊙⟶**45—Tax assessed by collector for violation of Prohibition Act cannot be enforced by distraint and sale of property.**

Collection of a so-called "tax" assessed by a collector of internal revenue under National Prohibition Act, § 35, for an alleged violation of the act, cannot be enforced by filing such assessment as a lien under Rev. St. § 3186, as amended by Act March 1, 1879, § 3 (Comp. St. § 5908), and causing an attachment to be issued thereon against the property of the person charged.

Proceeding by the United States, on the relation of the Collector of Internal Revenue, of the Twelfth District of Pennsylvania, against John E. Zerbey, Sr. On motion by defendant to quash writ of attachment. Granted.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa.

Freyman, Thomas & Branch, of Mauch Chunk, Pa., for defendant.

WITMER, District Judge. The internal revenue collector filed in the office of the clerk of this court notice of an assessment of tax under the internal revenue laws against John E. Zerbey, Sr., with a view of affecting, under section 3186, R. S. U. S., as amended by section 3, Act of March 1, 1879 (Comp. St. § 5908), a lien upon his property. An attachment execution was issued to enforce collection of the claim of the collector, whereupon Zerbey moved to quash and set aside the writ of attachment, on the ground that it was unwarranted in law and could not issue upon a tax lien.

---

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Whether collection of the lien could thus be enforced would be an interesting question to consider, but this will not be necessary. It appears, and it was so stated, that a double tax was imposed on Zerbey, who was a permittee under the provisions of the National Prohibition Act (41 Stat. 305), for diverting nonbeverage spirits for beverage purposes. Under the admitted facts the Supreme Court of the United States, in the recent case of Lipka v. Lederer, Collector, 258 U. S. ——, 42 Sup. Ct. 549, 66 L. Ed. ——, decided June 5, 1922, and not yet [officially] reported, have disposed of the matter in this manner:

"The National Prohibition Act, c. 85, 41 Stat. 305, is entitled 'An act to prohibit intoxicating beverages, and to regulate the manufacture, production, use, and sale of high-proof spirits for other than beverage purposes, and to insure an ample supply of alcohol and promote its use in scientific research and in the development of fuel, dye, and other lawful industries.' 'It is a comprehensive statute intended to prevent the manufacture and sale of intoxicating liquors for beverage purposes.' United States v. Yuginovich (June 1, 1921). 'Title II—Prohibition of Intoxicating Beverages' contains 39 sections. * * *

" 'Sec. 3. No person shall on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented. * * *

" 'Sec. 29. Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more than $1,000, or imprisoned not exceeding six months, and for a second or subsequent offense shall be fined not less than $200 nor more than $2,000 and be imprisoned not less than one month nor more than five years. * * *

" 'Sec. 35. All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. This act shall not relieve any one from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve any one from criminal liability, nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws.

" 'The Commissioner, with the approval of the Secretary of the Treasury, may compromise any civil cause arising under this title before bringing action in court, and with the approval of the Attorney General he may compromise any such cause after action thereon has been commenced.'

"The mere use of the word 'tax' in an act primarily designed to define and suppress crime is not enough to show that within the true intendment of the term a tax was laid. Bailey v. Drexel Furniture Co. (May 15, 1922). When by its very nature the imposition is a penalty it must be so regarded. Helwig v. United States, 188 U. S. 605, 613. Evidence of crime (section 29) is essential to assessment under section 35. It lacks all the ordinary characteristics of a tax, whose primary function 'is to provide for the support of the government' and clearly involved the idea of punishment for infraction of the law—the definite function of a penalty. O'Sullivan v. Felix, 233 U. S. 318, 324."

In the case under consideration by the Supreme Court, the collector demanded payment of the tax and threatened collection in the usual manner, and an attempt was made to enjoin him. The officer

invoked the aid of section 3224, R. S. U. S. (Comp. St. § 5947), which prohibits suits to restrain assessments or collection of any tax. The court said that the provision had no application, and, continuing, it further said:

"The same is true as to statutes granting the right to sue for taxes paid under protest. A revenue officer, without notice has undertaken to assess a penalty for an alleged criminal act and threatens to enforce payment by seizure and sale of property without opportunity for a hearing of any kind.

"Section 35 prescribes no definite mode for enforcing the imposition which it directs, and if it be interpreted as above stated, we do not understand counsel for the United States claim that relief should be denied to the appellant. Before collection of taxes levied by statutes enacted in plain pursuance of the taxing power can be enforced, the taxpayer must be given fair opportunity for hearing—this is essential to due process of law. Central of Ga. Ry. v. Wright, 207 U. S. 127, 136, 138, 142. And certainly we cannot conclude, in the absence of language admitting of no other construction, that Congress intended that penalties for crime should be enforced through the secret findings and summary action of executive officers. The guaranties of due process of law and trial by jury are not to be forgotten or disregarded. See Fontenot v. Accardo, 278 Fed. 871. A preliminary injunction should have been granted."

The motion to quash and dismiss is sustained.