## Case No. 5,067.

FRAYSER et al. v. RUSSELL.

[3 Hughes, 227.] 1

Circuit Court, E. D. Virginia. April, 1878.

1 [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

H. H. Marshall, for complainants.
L. L. Lewis, U. S. Atty., for collector.

After the final order, the United States, by Mr. Lewis, filed a bill of review, on which the court delivered the following opinion:

HUGHES, District Judge. The bill and bill of review sufficiently show that after certain manufactured tobacco had been properly stamped at the rate of twenty cents per pound, and then sold and transferred to purchasers by the manufacturer, an additional four cents per pound were demanded by the collector, and a levy upon other property of the manufacturer threatened for this four cents. The injunction complained of in the bill of review was granted to prevent such a levy.

It is true that the collection of a tax by an officer of the government cannot be enjoined, and that all taxes due must be paid, and that the person paying them, when wrongfully levied, must resort to a suit against the collecting officer for the recovery of them. And if the collector here had in the first instance required stamps to the extent of twenty-four cents per pound to be placed upon the tobacco mentioned in the bill, and on a refusal to do so by the manufacturer had threatened to seize that tobacco, and in this attitude of the affair a bill of injunction to restrain him had been brought, the court might not have granted the injunction.

But in this case the proper tax had already been paid by the manufacturer, and he had sold and delivered the tobacco on which the tax was due. As to him the matter had been terminated, and he had passed from his ownership the tobacco which had been taxed. The collector's demand upon him afterwards for four cents a pound, which he called an additional tax, was a demand for what this court has solemnly and finally in another case adjudicated not to be a tax. See Salmon v. Burgess [Case No. 12,262]; affirmed in 97 U. S. 381. Besides, the course for the collector to pursue, even if this latter four cents had been a proper demand as a tax, was marked out to him by section 3371 of the Revised Statutes of the United States. The collector did not take the course directed by law in a case where "the proper stamps" had not been used, and the proper tax had been "omitted to be paid." His threatened levy was for what was not a tax; and it was threatened to be made in a manner which set at naught the provisions of section 3371. It was a clear case for the exercise of the restraining power of the court; and was not a case falling either within the letter, or spirit, or intention of section 3224.

There was another ground on which the court felt authorized and impelled to grant the injunction. A case was before it at the time, in which it had become its duty to pass upon the question whether the payment of the tax of twenty cents a pound upon manufactured tobacco, which was required by the law as it stood until 9 o'clock p. m. on the 3d of March, 1875 (the payment having been made in the early part of that day), discharged the tobacco thus stamped of all taxes imposed by laws then in force. This question had been raised by the collector against numerous manufacturers in Richmond, and a multitude of suits were impending, all turning upon this question of law. Although this fact did not appear in the pleadings, yet it was well known to the court, and its desire to prevent a multitude of suits turning upon a question of law then about to be adjudicated, furnished a strong inducement to the court to enjoin the collector from making the levy then threatened. Thus, not merely with reference to the rights of the complainant in the bill, but also as a measure of sound public policy, the court was justified in granting the injunction; and the bill of review will be dismissed.

For like reasons the bills of review in the cases of A. M. Lyon & Co., John K. Childrey, and Robert W. Oliver will be dismissed.