# HIGH *v.* COYNE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 225    Argued December 5, 6, 7, 1899.—Decided May 14, 1900.

The assignments of error in this case raised only the constitutionality of the taxes sought to be recovered, which has just been decided adversely to the plaintiffs in error in *Knowlton* v. *Moore, ante,* 41, and there is nothing in the record to enable the court to see that the statute was mistakingly construed by the collector; but as the interpretation of the statute which was adopted and enforced by the officers administering the law was the one held to be unsound in *Knowlton* v. *Moore,* the ends of justice require that the right to resist so much of the tax as may have arisen from the wrong interpretation of the statute should not be foreclosed by the decree of this court.

THE complainants, who are appellants here, filed their bill to enjoin the executrix of their father's estate from paying the legacy taxes levied by sections 29 and 30 of the War Revenue Act of 1898.   The collector of internal revenue was also made a defendant, and an injunction was asked against him to prevent his collecting or attempting to collect the taxes in question, which, it was asserted, he was about to enforce against the executrix, who, it was averred, would pay unless by the writ of injunction she was forbidden to do so.   As heirs of their father and as beneficiaries of his estate, the complainants asserted they were entitled to prevent the executrix from making payment of taxes which were unconstitutional and hence void.   The reasons relied on to show that the taxing law was repugnant to the Constitution of the United States were that the taxes were direct and not apportioned, were not uniform and were levied on ob-

jects beyond the scope of the authority of Congress. The bill was demurred to as not stating ground for relief. The demurrers were sustained, and from a decree dismissing the suit this appeal is prosecuted.

*Mr. A. M. Pence* and *Mr. John G. Carlisle* for appellants. *Mr. George A. Carpenter* and *Mr. Shirley T. High* were on Mr. Pence's brief.

*Mr. Solicitor General* for appellees. He also filed a brief on the question submitted by the court referred to in the previous cases.

Mr. Justice White delivered the opinion of the court.

As the court below did not grant an injunction, but dismissed the bill, it is unnecessary to consider whether the right would have existed to enjoin the collector of internal revenue even had the court concluded that the averments of the bill disclosed a cause of action. Rev. Stat. 3226.

Every ground relied on to maintain that the taxes levied by sections 29 and 30 of the War Revenue Act are repugnant to the Constitution has been decided adversely in the opinion this day announced in *Knowlton* v. *Moore.*

This disposes of this case, as the assignments of error raised only the constitutionality of the taxes, and there is nothing in the record to enable us to see that the statute was, by the collector, mistakingly construed.

As, however, the interpretation of the statute, which was held to be unsound in No. 387, was the one which was adopted and enforced by the officers charged with the administration of the law, the impression naturally arises that such erroneous construction must have been applied in assessing the tax in controversy. The ends of justice therefore require that the right to resist so much of the tax as may have arisen from the wrong interpretation of the statute above referred to be not foreclosed by our decree.

*Decree affirmed, without prejudice to any such right.*