### KAUSCH v. MOORE, Internal Revenue Collector.

(District Court, E. D. Missouri, E. D.    December 9, 1920.)

#### No. 5463.

**1. Internal revenue ☞45—Injunction may issue to restrain collection of penalties under Volstead Act.**

Rev. St. § 3224 (Comp. St. § 5947), forbidding an injunction against the collection of an internal revenue tax, does not apply to a collection by distress proceedings of the penalty, imposed by Volstead Act, tit. 2, § 35, of $500, in addition to the double tax on one who unlawfully sells intoxicating liquor.

**2. Constitutional law ☞318—Internal revenue ☞2—Collection of "penalty" under Volstead Act by distraint without hearing violates due process.**

Within Volstead Act, tit. 2, § 35, providing that a person unlawfully selling liquors shall be liable for double the internal revenue tax, with an additional penalty of $500 on retail dealers, the word "penalty" is used in its ordinary legal meaning as a sum of money which the law exacts by way of punishment for the doing of some act which the law forbids, or for the failure to do some act which it requires to be done, not as a synonym for "fine," since the act elsewhere provides a fine for that offense, and if that section be construed to authorize Commissioner of Internal Revenue to collect the penalty by distraint of property without granting a day in court to the person charged with violation, it is invalid, as authorizing taking of property without due process of law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Penalty.]

**3. Internal revenue ☞45—Right to recover penalty paid as tax does not prevent injunction.**

An injunction may be granted to restrain illegal distraint of property for collection of the penalty in addition to the double tax imposed for unlawful sale of liquor by Volstead Act, tit. 2, § 35, notwithstanding the· right to pay such penalty under protest and bring ·suit to recover the payment since Rev. St. § 3224 (Comp. St. § 5947), does not apply to such penalty, and the remedy by payment of subsequent recovery is not adequate, especially where the person assessed has not sufficient funds to make payment, and the sale of his goods on distress would practically ruin his business.

**4. Internal revenue ☞45—Collection of double tax for violation of law cannot be enjoined.**

Rev. St. § 3224 (Comp. St. § 5947), prohibits an injunction to restrain the collection of the double internal revenue tax imposed on one who illegally sells intoxicating liquor by Volstead Act, tit. 2, § 35, so that a bill to restrain the distraint of goods by the collector for the enforcement of that tax and the penalty in addition thereto must be dismissed, unless the plaintiff has paid or tendered the double tax imposed upon him.

In Equity.   Bill by John Kausch against George H. Moore, Collector of Internal Revenue, First District of Missouri.   On motion to dismiss plaintiff's bill.   Motion sustained.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Walter N. Davis, of St. Louis, Mo., for plaintiff.
James E. Carroll, U. S. Atty., of St. Louis, Mo., for defendant.

FARIS, District Judge. Plaintiff filed his bill in equity to enjoin the defendant, as collector of internal revenue of the First district of Missouri, from seizing and selling the property of plaintiff under distraint for the taxes and penalty, alleged to have been incurred by the plaintiff, pursuant to the provisions of section 35 of the Volstead Act (41 Stat. 305). Defendant moved to dismiss plaintiff's bill as being without equity.

All facts well pleaded in the bill are in consequence admitted for the purpose of determining this motion. These facts substantially are that defendant is threatening to seize and sell the property of the plaintiff to pay certain double taxes and the penalty which section 35 of the Volstead Act, supra, provides may be assessed and collected from those who engage in the sale of intoxicating liquors at retail, in violation of said act. In order that the precise situation may be appreciated I quote from plaintiff's bill:

"Plaintiff further states that on or about the 29th day of April, 1920, the Commissioner of Internal Revenue for the United States of America, basing his acts on reports of investigators acting for the United States, and statements contained in said reports, submitted to him, that plaintiff had violated some of the provisions of the National Prohibition Act, title 2, assessed on the March list, 1920, under section 35, title 2, of said act, the plaintiff a sum in double the amount heretofore required to be paid by a retail liquor dealer, to wit, $20.48, with an additional penalty of $500 on retail dealers, as provided by said section, and further sum as a penalty to wit, $2.60.

"Plaintiff further states that the Commissioner of Internal Revenue, as aforesaid, has transmitted to the said George H. Moore, collector as aforesaid, the aforesaid assessment against plaintiff in a sum in double the amount heretofore required to be paid by retail liquor dealers, to wit, $20.48, with an additional penalty of $500 on retail liquor dealers, as provided by said section, and the further sum as penalty of $2.60 for collection from plaintiff by a warrant of distraint or otherwise.

"Your plaintiff further states that he is a person of small means and father of a large family, and that he is maintaining a small mercantile business in the city of St. Louis, Missouri, on which he owes a large sum of money secured by mortgage, and in addition thereto large sums of money to his creditors for mercantile supplies.

"Plaintiff further states that defendant, George H. Moore, collector as aforesaid, upon the request and order of the Commissioner of Internal Revenue, and of his own volition, is threatening and it is his purpose to levy a warrant of distraint, and seize upon the business, goods and chattels, property, and effects of plaintiff for the purpose of collecting the aforesaid assessment and penalties amounting to $————, for the purpose aforesaid.

"Plaintiff states that he has no adequate remedy at law, and that if defendant levies a warrant of distraint and seizes upon plaintiff's business, goods, and chattels, property, and effects, it will deprive plaintiff of his means of earning a livelihood, will ruin his business, and cause his wife and children to be in want and distress; that he has no ready money with which to pay said assessment and has been unable to procure the same."

The specific provisions of the Volstead Act invoked, as warranting the distraint threatened, read thus:

"No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person re-

sponsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve anyone from criminal liability, nor shall this Act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws.

"The Commissioner, with the approval of the Secretary of the Treasury, may compromise any civil cause arising under this title before bringing action in court; and with the approval of the Attorney General he may compromise any such cause after action thereon has been commenced."

[1] Upon the motion to dismiss the bill, it is urged that injunction will not lie to restrain the collection of a tax. This contention, so far as it is applicable to the facts, is well taken and must needs be sustained. Dodge v. Osborn, 240 U. S. 118, 36 Sup. Ct. 275, 60 L. Ed. 557. But this rule applies, in my opinion, only to so much of the amount threatened to be exacted as in fact constitutes a tax; it ought not to apply to a penalty even though such penalty could be paid under protest; and thereupon, if such payment be not warranted by law, be recovered back by an action at law directly against the collector. So much the more so, should injunction be not refused, when, as here, the payment thereof would be impossible without ruining plaintiff in business and property. If, then, the exaction of the penalty claimed should be held to be at this time, and in the mode threatened, unlawful, injunction ought to lie as against so much of the threatened exaction, if any, as is unlawful. As stated, injunction will not lie to prevent the collection of a tax, or even to prevent the collection of such tax, when, as here, the amount thereof is doubled upon the contingency of the violation of the law, by the forbidden sale, or manufacture of liquor. In such case section 3224, R. S. (Comp. St. § 5947), applies and forbids an injunction against the collector. Dodge v. Osborn, supra.

But it would seem to be fairly clear that a statute which merely forbids injunction as against a tax ought not to be so extended as to include injunction against the enforcement of a penalty. Certainly, this ought not to be done in a case wherein the manner of the collection, as here, is not warranted by law. In reaching this conclusion, I start with the assumption that the imposition of the penalty is clearly within the power of Congress under the provisions of the Eighteenth Amendment to the Constitution. So much being conceded, the question arises whether the Commissioner of Internal Revenue has the authority, merely upon reports of investigators to the effect that plaintiff has unlawfully sold liquor at retail, to assess such penalty, and without notice to the plaintiff, and without an opportunity anywhere given him to be heard, to empower the defendant collector to distrain plaintiff's property to pay the penalty so assessed?

The provisions of section 35 of the Volstead Act, supra, are regrettably meager as to the quantum of evidence required, and as to the details of the procedure to be followed. On this point the act merely says:

"Upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers.

[2] Nothing anywhere is provided as to the nature of the evidence on which the Commissioner of Internal Revenue may act in assessing such penalty, nor as to the manner of collecting such penalty after he has assessed it. The language of the act contains no express provision for the collection of the penalty by a civil action. Section 35 of the Volstead Act, supra, does contain in a separate clause, which I quote above, a provision whereby contingent permission is given to the Commissioner of Internal Revenue to "compromise any civil cause arising under this title (title 2) before bringing action in court." It is wholly impossible to say with certainty that the clause last above refers, among other things, to an action brought to recover the penalty provided for in the body of the section. The appositeness of the procedure, and the placing of the provision in the same section wherein the penalty is provided for, lend some color to the view that Congress meant to provide for the collection of the penalty by a civil action, which action could be, upon the contingency stated, compromised by the payment of a less amount than that written in the statute.

Pursuant to other provisions of the Volstead Act, the plaintiff here may, upon conviction on the criminal side of the court, "be fined not more than $1,000, or imprisoned not more than six months." Section 29 of Act of October 28, 1919. The imposition of the double tax and of the penalty provided by section 35, supra, are therefore in the nature of additional punishments for the same offense. In short, there exist under this act a fine, a double tax, and a penalty, as punishments for one and the same offense. These considerations regarded, the word "penalty," as used in the act, would seem to have been used by Congress in the usual and ordinary legal meaning of this word, which meaning is fairly well-settled law. A penalty is a sum of money, which the law exacts by way of punishment, for the doing of some act, which the law forbids, or for the failure to do some act, which the law requires to be done. It is true, as the definition foreshadows, that sometimes the word "penalty" is undoubtedly used as a synonym of the word "fine"; but as used in the Volstead Act it cannot fairly be so construed, because by another provision of the act a fine as such is clearly provided for. Moreover, no authority can be conferred by Congress upon the Commissioner of Internal Revenue to impose a fine in the strict sense of that word (Wong Wing v. United States, 163 U. S. loc. cit. 237, 16 Sup. Ct. 977, 41 L. Ed. 140); a fortiori, without a trial, or any sort of hearing theretofore had, as here.

Ordinarily the well-settled procedure is that penalties are recoverable in only one of two ways; that is, either by a criminal prosecution, or by a civil action. Neither one of these methods has been or is being followed here, and so far as the Commissioner of Internal Revenue is concerned, he has no authority to follow the former. I think the law, the status of the case, and the circumstances, as well as the argument, eliminate recovery by the Commissioner of Internal Revenue or by his agent, the defendant here, by way of a criminal prosecution. If the plaintiff is to enjoy that due process of law which the Constitution guarantees to him, the inference seems obvious. It ought to follow that recovery of this penalty cannot be had by distraint under

the situation now presented. For it seems clear beyond much question that the plaintiff has not had his day in court; that no opportunity whatever has been afforded him to contest the truth of the reports on which the Commissioner of Internal Revenue acted in assessing the penalty of $500 against him. Therefore to allow his property to be taken by distraint and sold, to pay this penalty, would in my opinion be to take it and sell it without due process of law. The questions presented do not call for a ruling as to whether the fact of a prior plea of guilty, or the fact of a conviction on the criminal side of the court, would constitute such evidence of an illegal sale as would warrant the assessment and collection by distraint as here attempted. This is so because the case has not yet proceeded to that stage.

[3] It is urged that plaintiff has no standing in equity; that his remedy is upon the law side of the court; that he may pay this penalty under protest, and then sue at law to recover back the payment so made by him. As forecast above, this contention is bottomed largely upon the statute (section 3224, R. S.) cited. But I do not think that this statute has any application to the situation presented by the facts before me. It is, of course, true that plaintiff might if he had the means—that is, if he were financially able to do so—pay under protest the penalty here threatened to be exacted from him by distraint, and then sue at law to recover back the money so paid by him. But if the case does not fall within the provisions of the statute, supra, which expressly forbids injunction, then he is not bound to so pay and sue, and the well-known and ancient rules of equity ought to apply, and I am of opinion do apply, in such cases as this. Absent the compelling force of section 3224, R. S., the remedy at law is not adequate to afford relief to plaintiff.

It is also contended that the case of Oceanic Navigation Co. v. Stranahan, 214 U. S. 321, 29 Sup. Ct. 671, 53 L. Ed. 1013, is decisive of the question presented here. Section 9 of the act (32 Stat. p. 1213) held in judgment in the Stranahan Case, supra, conferred power on a merely administrative officer to assess a fine—synonymous with "penalty" as used in the act—of $100 against any steamship company which might bring immigrants to the United States, when such immigrants were afflicted with certain diseases. The power was also conferred to refuse clearance papers to ships so offending till the penalty assessed should be paid. The latter power, of course, forced payment under the strongest duress. The power of an administrative officer to assess the penalty was there, as here, strenuously assailed. The action being at law to recover the money paid under duress exercised in the manner stated, the court denied the recovery. In the Stranahan Case, a hearing of a sort was provided for; here there is no hearing of any sort anywhere provided for before the assessment of the Commissioner of Internal Revenue is made. Nor thereafter is there any possible hearing open to plaintiff, till subsequent to payment, and then only by way of an action at law to recover back the sum exacted from him.

I am not able to construe the Stranahan Case as being so far-reaching in principle as to apply here. If the penalty here in question could

be viewed merely as an integral part of the taxes charged, or as in the nature of a surtax thereon, and not as merely punitory, some authority to uphold distraint for its summary collection might be found in the cases. But such a construction does palpable violence to the statutory facts. Among other things, the amount of the penalty is many times greater than the tax assessed, even when the latter is doubled. If a penalty can be added by doubling the tax, and then penalty after penalty thereafter again added, all in the name of taxation, and be so denominated, then the entire substance of the accused citizen can, without any trial, hearing, or conviction, be thus confiscated and sold under distraint.

[4] Against the collection of the taxes eo nomine, as provided by the statute, I am of the opinion no injunction will lie, for the reasons already stated. It was the duty, however, of the plaintiff to pay all such sums as are, in section 35 of the act in question, specifically called "taxes." He could have paid such under protest and have sued to recover them back. So much, then, of the threatened distraint was warranted; and since it was the duty of the plaintiff to pay, he cannot enjoin collection of the tax bill presented till he has paid all that is collectable by distraint. This is practically the universal rule in equity in all of the many jurisdictions, wherein the collection of alleged illegal taxes may be enjoined. Before plaintiff can be heard to apply for injunctive relief, he must pay or tender all lawful taxes; so here he must pay or tender all taxes eo nomine which said section 35 of the Volstead Act provides may be assessed against him. Plaintiff in his bill avers neither payment nor tender, nor does he even offer to do equity, by paying any sum or sums which may be found to be legally due from him, or collectable from him by distraint.

Summing up, therefore, I think he must, as a condition precedent to injunctive relief, either have paid or tendered to the defendant all taxes assessed against him. He may, of course, as forecast, pay under protest, and later sue to recover back such payment. But he need not, in my view, either tender or pay the penalty specifically provided in the statute in question under that name. Against the collection of this penalty, at this time and under the circumstances existing and by the mode threatened, injunction will lie on a sufficient bill. For the reason given, however, the motion to dismiss ought to be sustained to the bill as filed.

Let it be so ordered.