### THOME v. LYNCH, Collector of Internal Revenue, and thirty-three other cases.

(District Court, D. Minnesota, Third Division. February 17, 1921.)

#### Nos. 86–115, 118–121.

1. **Internal revenue ☞28—Statute prohibiting injunction of tax collection is to prevent delay in obtaining revenue.**

    The object of Rev. St. § 3224 (Comp. St. § 5947), prohibiting a suit to restrain the assessment or collection of any tax, is that the government shall not be delayed or interfered with in the collection of its revenues.

2. **Internal revenue ☞45—Specific "penalties" on dealers imposed by Prohibition Act are not "tax."**

    The exactions from liquor dealers by National Prohibition Act, § 35, in addition to double the amount of the previous tax on such dealers, are "penalties," since they are so named, are for the purpose of punishment, and are embodied in a penal statute, and not a "tax," which is defined as an enforced contribution for the payment of public expenses.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Penalty; Tax—Taxation.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Internal revenue ⟨⟩45—Penalty for nonpayment of tax is not a tax.**

The 25 per cent., or 50 per cent., added under Rev. St. § 3176 (Comp. St. § 5899), for nonpayment of internal revenue taxes, is a penalty, rather than a tax, even when the principal amount was itself clearly a tax.

**4. Internal revenue ⟨⟩45—Penalties under National Prohibition Act cannot be collected by distraint.**

Under Rev. St. § 3213 (Comp. St. § 5937), authorizing suit to collect a penalty, which procedure is recognized by National Prohibition Act, § 35, and, under Rev. St. § 3187 (Comp. St. § 5909), authorizing distraint to collect taxes, but not penalties in general, the penalties imposed by National Prohibition Act, § 35, on liquor dealers, in addition to double the existing revenue tax, should be collected either by criminal prosecution or by suit, but not by distraint.

**5. Internal revenue ⟨⟩45—Exaction of former tax from illegal liquor dealers is penalty.**

Under National Prohibition Act, § 35, subjecting dealers in liquor for prohibited purposes to the special taxes prescribed by Rev. St. § 3244 (Comp. St. § 5971), in double the amount therein prescribed, the character of the special taxes was thereby changed from taxes, strictly so called, for the production of revenue, to penalties.

**6. Internal revenue ⟨⟩45—Intention to collect revenue from crime not imputed to Congress.**

An intention to derive revenue from taxes on crime must not be imputed to Congress, if it can be avoided.

**7. Internal revenue ⟨⟩45—Illegal collection of exactions under Prohibition Act can be enjoined; "proceeding for the collection of a tax."**

Since all of the exactions from illegal dealers in prohibited liquors under Prohibition Act, § 35, are penalties, and not strictly taxes for the purpose of revenue, distraint for collection thereof is not a proceeding for the collection of a tax, the restraining of which is prohibited by Rev. St. § 3224 (Comp. St. § 5947).

**8. Internal revenue ⟨⟩45—Exactions under Prohibition Act cannot be collected by distraint.**

Since, before the adoption of the Eighteenth Amendment, the collector of internal revenue could distrain to collect only taxes and certain penalties expressly authorized by Rev. St. §§ 3176, 3187 (Comp. St. §§ 5899, 5909), and National Prohibition Act, § 28, merely confers on the Commissioner of Internal Revenue, for the enforcement thereof, the powers conferred by law for the enforcement of existing laws relating to the manufacture and sale of intoxicating liquors, the exactions from dealers in prohibited liquors, prescribed by National Prohibition Act, § 35, which are penalties, cannot be collected by distraint, especially since the preliminary steps provided by Rev. St. § 3172 (Comp. St. § 5895), and the notice and demand required by section 3184 (section 5906) are not suitable as procedure for the collection of such penalties, and a civil suit may be maintained to recover them under the regulations of the Internal Revenue Department.

**9. Constitutional law ⟨⟩303—Collection of penalties by distraint violates due process of law.**

The collection by distraint of the penalties imposed by National Prohibition Act, § 35, on dealers illegally selling intoxicating liquor, which is made a crime by section 29 of the act, would not be due process of law.

**10. Internal revenue ⟨⟩45—Plaintiffs held entitled to preliminary injunctions against distraint for penalties.**

Bills alleging that the collector of internal revenue was threatening distraint of plaintiffs' property to enforce collection of the penalties prescribed by National Prohibition Act, § 35, that plaintiffs cannot pay the amounts demanded, and that seizure and sale would ruin their business, entitle the plaintiffs to preliminary injunctions, since Rev. St. § 3224 (Comp. St. § 5947), does not bar such relief, the remedies provided by

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sections 3225 and 3226 (Comp. St. §§ 5948, 5949) have no application, and the remedy at law by payment of the exactions and suit for recovery is not adequate.

11. **Internal revenue ⊗═45—Under War-Time Prohibition Act special taxes could not be collected by distraint.**

The War-Time Prohibition Act (Comp. St. Ann. Supp. 1919, §§ 3115¹¹/₁₂f–3115¹¹/₁₂h), making sales of intoxicating liquor for beverages unlawful and prescribing penalties therefor, either suspended Rev. St. §§ 3176, 3244 (Comp. St. §§ 5899, 5971), and Act Feb. 24, 1919, § 1001 (Comp. St. Ann. Supp. 1919, § 5980o), for the payment of special taxes on retail liquor dealers, or changed the character of the exactions provided in those sections from special taxes to penalties, and in either event those exactions could not be collected by distraint.

12. **Courts ⊗═351½—Demurrers can be considered as motions to dismiss.**

Though demurrers in equity have been abolished by new equity rule 29, demurrers interposed can be considered as motions to dismiss.

In Equity. Separate suits in equity, by Frank Thome, by Cecil A. Stone, by Jacob M. Goldman and Sam Yugend, by Louis B. Wiggen and Andrew Twomey, by Anton Pellowski, by W. J. Ueber, by Isadore Nemerovsky, by F. E. Brown, by Richard Boss, by Henry Weigel, by Martin Schnobrich, by August Beyer, by John Schneider, by John Zischka, by Arthur Schleif, by Joseph Frey, by John Gorecki, by Harry Korcal, by Frank Kudrna, by Clement J. Minor, by Carl F. Thomas, by Frank Carroll, by William Finn and others, by John Jance, by Christ Hellwig and others, by John Froehlingsdorf, by Mathew Laubach, by James C. Tillman, by Ernest E. Miller, by Fred M. Palmer, by Ben Golden, by J. H. Beagle, by Perl J. McCauliff, and by Patrick H. Courtney and others against E. J. Lynch, Collector of Internal Revenue, District of Minnesota. On motions by plaintiffs for preliminary injunctions. Injunctions issued in all of the cases except two, which were dismissed on motion for misjoinder of plaintiffs, without prejudice to the plaintiffs to file separate bills.

Warren Newcombe, of St. Paul, Minn., for plaintiff Thome.

Joel M. Dickey and George G. Chapin, both of St. Paul, Minn., for plaintiffs Stone, Goldman, Yugend, Wiggen, Twomey, Pellowski, Ueber, Brown, and Carroll.

Herbert P. Keller, of St. Paul, Minn., for plaintiff Nemerovsky.

Herbert P. Keller and George G. Chapin, both of St. Paul, Minn., for plaintiff Boss.

Alfred W. Mueller, of New Ulm, Minn., for plaintiffs Weigel, Schnobrich, Beyer, Schneider, Zischka, and Schleif.

Louis P. Johnson, of Ivanhoe, Minn., for plaintiffs Frey, Gorecki, Korcal, and Kudrna.

Gustavus Loevinger and Maurice W. Stoffer, both of St. Paul, Minn., for plaintiff Minor.

Patrick J. Ryan, of St. Paul, Minn., for plaintiffs Finn, Crockett, and O'Day.

Essling & Trost, of Eveleth, Minn., and George G. Chapin, of St. Paul, Minn., for plaintiff Jance.

T. W. McMeekin and Patrick J. Ryan, both of St. Paul, Minn., for plaintiffs Hellwig et al. and Courtney et al.

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Gustavus Loevinger, of St. Paul, Minn., for plaintiff Froehlingsdorf.
Connolly & Langslow, for plaintiff Laubach.
Regan & Grogan, of Mankato, Minn., for plaintiff Tillman.
William J. Horrigan, of St. Paul, Minn., for plaintiffs Miller and Palmer.
Milton P. Firestone, of St. Paul, Minn., for plaintiff Golden.
Joel M. Dickey and George E. Ogilvie, both of St. Paul, Minn., for plaintiffs Beagle and McCauliff.
Alfred Jaques, U. S. Dist. Atty., of Duluth, Minn., for defendant.

BOOTH, District Judge. The above-entitled causes, 34 in number, have been heard together, upon motions made by the respective plaintiffs for preliminary injunctions against the defendant, as collector of internal revenue, to restrain him, pending the suits, from seizing and selling the property of the plaintiffs, respectively, under threatened warrants for distraint. The motions have been heard upon the complaints and affidavits, and in most cases upon answers also.

It would serve no useful purpose to set forth in detail the allegations of the various complaints, but the salient facts which appear in all the cases are briefly as follows: That shortly before the filing of the complaint plaintiff received from the defendant a notice in writing stating that certain amounts of "taxes and penalties," etc., had been assessed against the plaintiff, and demanding payment within 10 days; that failure to make payment would be followed by further penalty of 5 per cent. and interest. At the expiration of the period a second notice was received, sent from the defendant, demanding the original amount plus the penalty, 5 per cent., and containing a statement that failure to pay would be followed by seizure and sale of the property.

The complaints further allege that the so-called taxes and penalties are not taxes at all, but in fact penalties solely, sought to be collected from the plaintiffs for assumed or alleged infraction of the National Prohibition Act (41 Stat. 305), or War-Time Prohibition Act (Comp. St. Ann. Supp. 1919, §§ $3115^{11}/_{12}$f–$3115^{11}/_{12}$h); that there has been no adjudication that plaintiffs are liable for the payment of the exactions demanded, and that plaintiffs are not liable therefor; that plaintiffs are unable to pay the amounts demanded; that seizure and sale of plaintiff's property is threatened, unless payment is made, and that such seizure and sale will work irreparable injury; that plaintiffs have no adequate remedy at law; that the proceedings by the Commissioner of Internal Revenue, in assessing said so-called taxes and penalties, and by the collector of internal revenue in attempting to collect the same by warrant for distraint, are illegal and without authority in law, and violative of the Constitution of the United States, especially the Fifth, Sixth, Eighth, and Eighteenth Amendments.

In addition to the foregoing allegations in substance contained in all of the complaints, there are other allegations peculiar to the individual complaints. For example, in some cases, that the information on which the Commissioner of Internal Revenue proceeded to make the assessments of the alleged taxes and penalties was obtained by

persons representing themselves to be agents of the Commissioner; that by force and violence, and without warrant, they entered the residence of plaintiff, and seized and carried away certain personal property of plaintiff, in violation of plaintiff's rights under the Fourth and Fifth Amendments of the Constitution of the United States. In other cases, that plaintiff, prior to said assessment of the alleged taxes and penalties, had been charged with acts in violation of the National Prohibition Act, upon which same acts the assessment of the alleged taxes and penalties was based, and that plaintiff had been examined before the United States commissioner, and bound over to the grand jury; that his case had been considered by the grand jury, and no indictment found; and that the plaintiff had been discharged. In other cases, that prior to the assessment of the alleged taxes and penalties plaintiff had been charged with certain acts in violation of the National Prohibition Act, upon which same acts the said assessment of alleged taxes and penalties was based, and had pleaded guilty to an information or indictment charging said acts, had been fined, and had paid the fine and been discharged. In other cases, that prior to the assessment of the alleged taxes and penalties plaintiff had been charged with committing acts against the War-Time Prohibition Act, being the same acts upon which the assessment of the alleged taxes and penalties was based, had pleaded guilty to an information or indictment charging the commission of the acts, had been fined and paid the fine, and been discharged. In other cases, that prior to the assessment of alleged taxes and penalties plaintiff had been charged with certain acts in violation of the National Prohibition Act, upon which the assessment of the alleged taxes and penalties was based, had pleaded not guilty to the information or indictment charging said acts, and that the case was still pending in court and undetermined.

The answers of the defendant, collector of internal revenue, while admitting the assessment of the alleged taxes and penalties by the Commissioner of Internal Revenue, and the notices and demands and threats of seizure and sale by procedure under warrant for distraint, yet allege that plaintiffs have an adequate remedy at law, by appealing to the Commissioner from the assessment, or by payment of the amounts demanded, and suing for a refund, and, further, that injunction will not lie to restrain the assessment and collection of a federal tax.

Three broad questions arise: First, are these so-called taxes and penalties, which have been assessed by the Commissioner of Internal Revenue and sought to be collected by the collector of internal revenue, in fact taxes, within the meaning of that term as used in section 3224, R. S. (Comp. St. § 5947)? Second, though not a tax within said section, is the proceeding adopted by the Commissioner and collector nevertheless a proper method of collecting the amounts claimed? Third, do the cases at bar call for a preliminary injunction? If the exactions in question are taxes within the meaning of section 3224, R. S., then it is settled that injunction will not lie. Dodge v. Osborn, 240 U. S. 118, 36 Sup. Ct. 275, 60 L. Ed. 557.

[1] Section 3224, R. S., reads as follows:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The broad reason underlying section 3224 is that the government shall not be delayed or interfered with in the collection of its revenues. This is clear from the decisions in the cases wherein the statute has been applied. They relate to exactions properly called taxes; that is, exactions for revenue for the uses of the government. Barnes v. Railroad, 17 Wall. 307, 310, 21 L. Ed. 544 (tax on dividends); Snyder v. Marks, 109 U. S. 189, 3 Sup. Ct. 157, 27 L. Ed. 901 (internal revenue tax on tobacco); High v. Coyne, 178 U. S. 111, 20 Sup. Ct. 747, 44 L. Ed. 997 (tax on legacies); Dodge v. Osborn, 240 U. S. 118, 36 Sup. Ct. 275, 60 L. Ed. 557 (tax on income).

The exactions for the collection of which proceedings by distraint are threatened in each of the instant cases are made up of various elements or items. For example, in case No. 107, the items are designated as follows:

(1) $   25.00, taxes retail liquor dealer, under section 3244, R. S.;
(2)      25.00, double tax, under section 35, N. P. A.;
(3)      12.50, penalty, 25 per cent. on (1) and (2) under section 3176, R. S.;
(4)    1,000.00, special tax, under section 1001, subd. 12, Act Feb. 24, 1919;
(5)    1,000.00, double tax, under section 35 N. P. A.;
(6)     500.00, penalty, 25 per cent. on (4) and (5), under section 3176, R. S.;
(7)     500.00, specific penalty, under section 35, N. P. A.

$3,062.50.
(8)     153.13, 5 per cent. penalty under section 3184, R. S.

$3,215.63.

The authority for assessing these various items is supposed to be found in title 2, § 35, of the National Prohibition Act. That section reads as follows:

"Sec. 35. All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. This act shall not relieve any one from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve anyone from criminal liability, nor shall this Act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws.

"The commissioner, with the approval of the Secretary of the Treasury, may compromise any civil cause arising under this title before bringing action in court; and with the approval of the Attorney General he may compromise any such cause after action thereon has been commenced."

The defendant claims that all of these items are taxes, are collectible as such, by proceedings under warrant for distraint, and are taxes within the meaning of that term as used in section 3224, R. S. The

plaintiffs claim that all of the items or elements are in fact penalties, though some of them are called taxes, that none of them are collectible by proceedings under a warrant for distraint, and they are not taxes within the purview of section 3224, R. S.

[2] A tax has been defined as:

"An enforced contribution for the payment of public expenses." Houck v. Little River Drainage District, 239 U. S. 254, 265, 36 Sup. Ct. 58, 61 (60 L. Ed. 266).

And again:

"Generally speaking, a tax is a pecuniary burden laid upon individuals or property for the purpose of supporting the government." New Jersey v. Anderson, 203 U. S. 483, 492, 27 Sup. Ct. 137, 140 (51 L. Ed. 284).

A penalty involves the idea of punishment. U. S. v. Reisinger, 128 U. S. 398, 402, 9 Sup. Ct. 99, 32 L. Ed. 480; Huntington v. Attrill, 146 U. S. 657, 667, 13 Sup. Ct. 224, 36 L. Ed. 1123. And its character is not changed by the mode in which it is inflicted, whether by suit or criminal prosecution. U. S. v. Chouteau, 102 U. S. 603, 611, 26 L. L. Ed. 246.

In view of the foregoing tests, and from a careful reading of section 35 of the National Prohibition Act, in connection with the other provisions of that act, it would seem clear that the $500 and the $1,000 items mentioned in that section, and one of which is included among the items in the several notices, are clearly penalties, and not taxes. First, they are so named, but this is not conclusive; second, they are for the purpose of punishment, and not for the purpose of revenue; third, they are embodied in a statute which in its most important features is highly penal in nature. That these items are penalties and not taxes, has been lately held by Judge Faris, in the District Court of the United States for the Eastern District of Missouri, in the case of Kausch v. Moore, 268 Fed. 668, and by Judge Foster, in the United States District Court for the Eastern District of Louisiana, New Orleans Division, in the case of Accardo et al. v. Fontenot, 269 Fed. 447. In their conclusions on this point I strongly concur.

[3] It has also been held that the 25 per cent. or 50 per cent. added under section 3176, R. S. (Comp. St. § 5899), is a penalty, rather than a tax, and this has been so held even when the principal amount to which the 25 per cent. or 50 per cent. was added was itself clearly a tax. 17 Ops. Attys. Gen. 433.

[4] It seems to me also clear that, as to the penalties of $500 and $1,000 provided in section 35 of the National Prohibition Act, the method of collection, in the absence of express direction, should be either by criminal prosecution, or by suit, as provided by section 3213, R. S. (Comp. St. § 5937).

In case of the taxes proper, the remedies by suit and by distraint are frequently held to be cumulative. Blacklock v. U. S., 208 U. S. 75, 28 Sup. Ct. 228, 52 L. Ed. 396. But the usual method of collecting a penalty, where the method is not specifically prescribed by statute, is by suit, or other appropriate proceeding in court. 22 Cyc. p. 1680; 30 Cyc. p. 1645; Stockwell v. U. S., 13 Wall. 531, 542, 20 L.

Ed. 491; Less v. U. S., 150 U. S. 479, 14 Sup. Ct. 163, 37 L. Ed. 1150; U. S. v. Stevenson, 215 U. S. 198, 30 Sup. Ct. 35, 54 L. Ed. 153.

Not only is this method expressly authorized and provided by statute (section 3213, R. S.), but the method of procedure by suit is also specifically recognized by the same section 35 of the National Prohibition Act. Furthermore, under section 3187, R. S. (Comp. St. § 5909), the collector of internal revenue, though authorized to collect taxes by distraint, was not authorized to collect penalties in general by that method, but only certain specified penalties, viz., the 5 per cent. penalty added under section 3184 (Comp. St. § 5906), and by express provision in section 3176 the penalty therein provided; both of these penalties being added to taxes, properly so called—that is, exactions for revenue for government use.

[5] The other items of the exactions assessed and demanded in the cases at bar purport to be special taxes under section 3244, R. S. (Comp. St. § 5971), and section 1001, Act Feb. 24, 1919 (40 Stat. 1126 [Comp. St. Ann. Supp. 1919, § 5980o]); with the double feature included of section 35 of the National Prohibition Act. These special taxes, under section 3244, R. S., date back to the Act of June 30, 1864 (13 Stat. 223), and the Act of July 13, 1866, 14 Stat. 98; the special taxes under section 1001 of the Act of February 24, 1919, purport to be, and doubtless are, of the same general character. They were all taxes for revenue purposes, and not police regulations. In re Heff, 197 U. S. 488, 505, 25 Sup. Ct. 506, 49 L. Ed. 848. The character of these special taxes (called amounts paid for "licenses" in the act of 1864) was discussed and passed upon by the Supreme Court in the License Tax Cases, 5 Wall. 462, 18 L. Ed. 497. It was held that the licenses "conveyed to the licensee no authority to carry on the licensed business within a state," and that "the requirement of payment for such licenses is only a mode of imposing taxes on the licensed business, and the prohibition, under penalties, against carrying on the business without license is only a mode of enforcing payment of such taxes." The court in its opinion said, referring to the statutes in question:

"They simply express the purpose of the government not to interfere by penal proceedings with the trade nominally licensed, if the required taxes are paid. The power to tax is not questioned, nor the power to impose penalties for nonpayment of taxes. The granting of a license, therefore, must be regarded as nothing more than a mere form of imposing a tax, and of implying nothing except that the licensee shall be subject to no penalties under national law, if he pays it."

But the character and status of these special taxes, so far as they relate to the manufacture and sale of intoxicating liquor for beverage purposes, have been vitally changed since the adoption and taking effect of the Eighteenth Amendment. There may be serious question whether they have any application since the taking effect of that amendment, so far as concerns persons manufacturing or selling intoxicating liquor for beverage purposes. But, however that may be, these special taxes purport to have been adopted by section 35 of the National Prohibition Act, as part of the procedure of enforcement of the Eighteenth Amendment, and if their character was

changed by the Eighteenth Amendment, this changed character accompanied them into section 35 of the National Prohibition Act.

In other words, though some of the exactions under section 35 of the National Prohibition Act are to be measured by double the amounts which were formerly special taxes under section 3244, R. S., and section 1001, Act Feb. 24, 1919, yet these exactions under section 35, by reason of their new character and status under the Eighteenth Amendment, are no longer taxes, but penalties. As persuasive to this conclusion, note the present character and status of the so-called taxes in section 35.

[6] First. They are no longer exactions for revenue purposes. The whole meaning and aim of the Eighteenth Amendment forbids such construction; and intention to derive revenue from taxes on crime must not be imputed to Congress, if it can be avoided. As was said in the License Tax Cases, supra:

"It is not necessary to decide whether or not Congress may, in any case, draw revenue by law from taxes on crime. There are, undoubtedly, fundamental principles of morality and justice which no Legislature is at liberty to disregard; but it is equally undoubted that no court, except in the clearest cases, can properly impute the disregard of those principles to the Legislature."

Second. The character of these special taxes is vitally changed in another respect; they no longer imply "that the licensee shall be subject to no penalties under national law, if he pays." In fact, the contrary is expressly provided by the language of section 35 of the National Prohibition Act.

Third. These so-called special taxes are now in section 35, classed with the penalties of $500 and $1,000, and appear to partake of the character of these items. Indeed, the $500 and $1,000 penalties are called in section 35 "additional" penalties.

Fourth. These special taxes are to be collected with the $500 and $1,000 penalties.

Fifth. The "double the amount" feature provided in section 35 as to these special taxes smacks of penalties.

There is nothing in section 35, except the name "taxes," which indicates any difference in character or purpose between the so-called taxes and the penalties. Names are not controlling. While it may not always be easy to distinguish a tax from a penalty, yet where an exaction is made by governmental authority upon an occupation which is expressly prohibited as criminal by the same governmental authority, and where the exaction is not clearly shown to be made for revenue purposes, it would seem that such exaction must be classed as a penalty, if classification is to have any real meaning.

[7] In view of the foregoing considerations, I have reached the conclusion that all of the exactions provided in section 35, whether called taxes or penalties, so far as they apply to the manufacture or sale of intoxicating liquor for beverage purposes, stand on the same footing and have the same essential character. Also, and in view of the foregoing considerations, it appears more reasonable to hold that all of said exactions in section 35, so far as they apply to the manufacture and sale of intoxicating liquor for beverage purposes, are penalties,

rather than taxes. To hold these exactions to be taxes, and collectible by distraint, would, in the instant cases, be to hold that searches and seizures may be made in private residences upon suspicion, without warrant; that these plaintiffs may be compelled to give evidence against themselves as to the commission of a criminal offense; that they may be punished for alleged violation of law, without having had a day in court; that they may be deprived by administrative officers of a jury trial for an alleged criminal offense. Such results as these I do not believe were intended by Congress.

The answer, therefore, to the first main question, is that the exactions sought to be collected by the collector of internal revenue by distraint against the plaintiffs in the instant cases are penalties, and not taxes, within the meaning of section 3224, R. S., and that Dodge v. Osborn, supra, does not apply.

[8] The second question, whether distraint is the proper method of collecting the exactions demanded, has in effect been answered in the foregoing discussion. As shown above, before the Eighteenth Amendment went into effect, the power of the collector of internal revenue to proceed by distraint was a limited power, limited to taxes proper and certain specified penalties annexed to taxes proper. This limited power in the collector under the internal revenue laws to collect certain penalties by distraint is not enlarged by any provision of title 2 of the National Prohibition Act, but is, on the contrary, curtailed.

Title 2, § 28, of the National Prohibition Act, confers on the Internal Revenue Commissioner and subordinate officers, for the enforcement of the National Prohibition Act, the powers which are conferred by law for the enforcement of existing laws relating to the manufacture and sale of intoxicating liquors. Section 28, therefore, simply gives to the Commissioner and subordinate officers the same powers of enforcement in reference to the National Prohibition Act as they had under existing laws relating to the manufacture and sale of intoxicating liquor. Those powers include the enforcement by distraint in cases of special taxes and certain penalties annexed to them under the internal revenue laws. But if, as we have seen, the exactions under section 35 of the National Prohibition Act are none of them taxes, but all of them penalties, so far as they relate to the manufacture or sale of intoxicating liquor for beverage purposes, then it follows that section 28 gives no power to collect these penalties by distraint.

It may be further observed that the preliminary steps provided in section 3172, R. S. (Comp. St. § 5895), and leading up to the notice and demand in section 3184, R. S., all relating to assessment and collection of internal revenue taxes proper, to wit: The canvassing by the collector; the returns by parties liable to the taxes; the call for such returns; the summons by the collector for examination; and, upon refusal, the making of a return by the collector—were never intended and are not suitable as procedure for collection of penalties such as are prescribed in section 35 of the National Prohibition Act. Nor, indeed, was the procedure under the sections above mentioned followed in the instant cases. Further, that a civil suit is a proper remedy for the collection of these exactions provided for in section 35 of the National

Prohibition Act is recognized by the Internal Revenue Department, but the attitude of that department is shown by the following extracts from Regulation No. 12, revised October 1, 1920, issued by the department. On page 42 is the following:

"In making reports in prohibition cases, a tax and assessable penalty imposed by section 35 of title 2 of the National Prohibition Act should not be overlooked. It will often prove more effective to suppress violations of the law than the actual criminal liabilities imposed."

And again, on page 19, is the following:

"Legal proceedings will not generally be commenced until after the remedy by distraint is exhausted."

[9] Finally, the procedure by distraint for the collection of penalties, as is now threatened in the present cases, is open to grave constitutional objections. As already noted, there has been no adjudication in court as to the liability of the plaintiffs; the liability is denied; there has been no hearing. In many of the cases alleged evidence has been obtained by illegal searches and seizures. Procedure by distraint under such circumstances would not be due process of law. See McBride v. State, 70 Miss. 716, 12 South. 699.

It is true that in the case of Oceanic Navigation Co. v. Stranahan, 214 U. S. 320, 29 Sup. Ct. 671, 53 L. Ed. 1013, it was held a valid exercise of congressional power over immigration to provide that a fine of $100 should be paid by persons or companies bringing into the country immigrants afflicted with certain diseases, and also to provide for the imposition of the fine by an administrative officer; but the court in its opinion pointed out that the act punishable was not declared to be an infamous crime, or a crime at all. The court in its opinion said:

"On the face of the section which authorizes the Secretary of Commerce and Labor to impose the exaction which is complained of, it is apparent that it does not purport to define and punish an infamous crime, or, indeed, any criminal offense whatever. Clear as is this conclusion from the text of section 9, when considered alone, it becomes, if possible, clearer when the section is enlightened by an analysis of the context of the act and by a consideration of the report of the Senate committee to which we have previously made reference. * * * Its various sections accurately distinguish between those cases where it was intended that particular violations of the act should be considered as criminal and be punished accordingly, and those where it was contemplated that violations should not constitute crime, but merely entail the infliction of a penalty, enforceable in some cases by purely administrative action and in others by civil suit."

The court for this reason distinguished the case of Wong Wing v. U. S., 163 U. S. 228, 16 Sup. Ct. 977, 41 L. Ed. 140, in which latter case the court held invalid an act of Congress providing for imprisonment at hard labor by judgment of a Commissioner, without trial, Chinese who had been adjudged by him subject to be deported. The provision of the statute was as follows:

"That any such Chinese person, or person of Chinese descent, convicted and adjudged to be not lawfully entitled to be and remain in the United States, shall be imprisoned at hard labor for a period of not exceeding one year, and thereafter removed from the United States, as hereinbefore provided."

The court in its opinion said:

"But to declare unlawful residence within the country to be an infamous crime, punishable by deprivation of liberty and property, would be to pass out of the sphere of constitutional legislation, unless provision were made that the fact of guilt should first be established by a judicial trial. It is not consistent with the theory of our government that the Legislature should, after having defined an offense as an infamous crime, find the fact of guilt and adjudge the punishment by one of its own agents."

In the instant cases the alleged acts for which the Commissioner assessed the exactions under section 35 of the National Prohibition Act are crimes, made so by said act, and punishable by fine and by imprisonment for a term of years, as provided in section 29 thereof. It would seem illogical to consider the same acts not criminal for the purpose of assessing and collecting exactions under section 35, and at the same time criminal for the purpose of punishment by imprisonment under section 29. It would therefore seem that the instant cases come within the rule laid down in the Wong Wing Case, and not within the rule laid down in the Oceanic Company Case.

[10] As to the third question, whether the cases at bar call for preliminary injunctions: If the foregoing conclusion as to the nature of the exactions be correct, then section 3224 is not a bar to the relief sought. And for the same reasons the remedies provided in sections 3225 and 3226, R. S. (Comp. St. §§ 5948, 5949), have no application to the instant cases. Nor is it an adequate remedy at law for the plaintiffs to pay the exactions demanded, and sue for recovery. In some cases it is alleged that it is impossible for plaintiffs to pay the amounts demanded, sums running as high as $6,500, and that seizure and sale would ruin plaintiffs' business and means of livelihood. The equities in favor of plaintiffs are strong and persuasive.

In the foregoing discussion I have assumed that section 35 of the National Prohibition Act applies to persons manufacturing or selling intoxicating liquor for beverage purposes. This assumption is strongly questioned by counsel for plaintiffs. I have also assumed that section 3244 and section 3176, R. S., and section 1001 of the Act of February 24, 1919, have not been wholly repealed, but that the exactions provided for in those sections have been properly adopted as a part of section 35 of the National Prohibition Act, and made applicable to parties manufacturing or selling intoxicating liquor for beverage purposes. This assumption, also, is strongly questioned by counsel for plaintiffs, it being claimed by them that those sections of the internal revenue laws since the Eighteenth Amendment went into effect, even if they still exist, have no application whatever to parties manufacturing or selling intoxicating liquor for beverage purposes.

The question also arises whether collection of these exactions provided in section 35 would not result in double punishment for the same offense in all those cases where fines have been already imposed and paid, and the further question whether this double punishment for the same offense is allowable. See Coffey v. U. S., 116 U. S. 436, 445, 6 Sup. Ct. 437, 29 L. Ed. 684; U. S. v. McKee, 1 Dill. 128, Fed. Cas. No. 15,687; U. S. v. Chouteau, 102 U. S. 603, 611, 26 L. Ed. 246.

It is not necessary at this stage of the cases at bar to decide these questions, but the serious character of the questions affords further reason for granting the preliminary injunctions.

There exist divergent views among the District Courts on the questions above discussed. The views which I have expressed are not, I regret, in accordance with those of the District Court for the Eastern District of Pennsylvania, as given in the case of Ketterer v. Lederer (No. 2071, June Session, 1920) 269 Fed. 153, nor with those of the District Court for the Western District of New York, as given in case of Pumilli v. Riordan (November 20, 1920) 271 Fed. ——. They do agree, however, to a large extent with the views of the District Court for the Eastern District of Missouri, as given in Kausch v. Moore, 268 Fed. 668, and are, I think, in entire accord with those of the District Court for the Eastern District of Louisiana, as given in case of Accardo v. Fontenot (December 23, 1920) 269 Fed. 447. As bearing upon some of the questions involved, see, also, Frayser & Co. v. Russell, 3 Hughes, 227, Fed. Cas. No. 5,067; Bornio v. Stockdale, Fed. Cas. No. 1,662.

[11] Two of the cases at bar, Nos. 90 and 105, relate to alleged illegal sales of intoxicating liquor prior to the taking effect of the National Prohibition Act, but subsequent to the taking effect of the War-Time Prohibition Act; the assessment of the so-called taxes and penalties being made under sections 3244 and 3176, R. S., and section 1001 of the Act of February 24, 1919. The War-Time Prohibition Act made unlawful all sales of intoxicating liquor for beverage purposes (excepting for export) after June 30, 1919, and prescribed penalties for the violation of the law. The effect of the act was either to suspend, during its continuance as a law, the provisions in sections 3244 and 3176, R. S., and section 1001 of the Act of February 24, 1919, for the payment of special taxes upon the occupation of retail liquor dealers, or to change the character of the exactions provided for in those sections from special taxes to penalties. In either event there would be no authority for collecting the exactions by distraint. The same reasoning applies here as in the cases under the National Prohibition Act, heretofore considered.

[12] In two of the cases at bar, Nos. 110 and 121, demurrers have been interposed for misjoinder of parties plaintiff. Demurrers in equity have been abolished by new equity rule 29, but the demurrers will be considered as motions to dismiss.

The point raised as to misjoinder is well taken, and it is ordered that the motions be granted; the bills will stand dismissed, and the restraining orders be discharged 15 days from the date of filing of this order, without prejudice to the rights of the several plaintiffs meanwhile to file separate bills and to make application for new restraining orders, if they be so advised.

In the cases other than Nos. 110 and 121, the motions for preliminary injunctions are hereby granted, and the clerk of this court is hereby ordered and directed to issue preliminary injunctions in said cases, respectively, enjoining and restraining the defendant and all persons acting under his direction or control, pending the final determination

of said cases, respectively, or until the further order of this court, from seizing and selling any property of said plaintiffs, respectively, under and by virtue of warrants for distraint issued or threatened, as set forth in the complaints in said cases, respectively; said warrants for distraint purporting to be for the purpose of collecting certain alleged taxes and penalties from said plaintiffs, respectively, as set forth in their respective complaints.

The preliminary injunction hereby ordered shall issue on condition, and not otherwise, that within 15 days from the entry of this order each of the plaintiffs, respectively, in said cases, or some one in his behalf, shall make and file in this court a bond or undertaking to the United States, for the benefit of all persons interested, in the sum of $150, with security approved by the clerk of this court, conditioned that said plaintiff will pay such costs or actual damages as may be awarded by this court to such party interested, in case it shall be finally determined that said preliminary injunction was erroneously issued.