**CONNELLY v. GARDNER, Internal Revenue Collector.**

(District Court, E. D. New York. April 20, 1921.)

Internal revenue ⚖=45—Double tax and penalty imposed by National Prohibition Act cannot be collected by distraint.

Congress did not intend the process of distraint to be used for the collection of penalties imposed by National Prohibition Act, tit. 2, § 35, and therefore the collection of such penalties by that means can be restrained, notwithstanding the prohibition of Rev. St. § 3224 (Comp. St. § 5947), against any suit to restrain the assessment or collection of any tax.

In Equity. Bill by Joseph Connelly against Bertram Gardner, as Collector of Internal Revenue, to restrain the collection of a sum assessed against plaintiff under the National Prohibition Act. Motion for preliminary injunction granted.

Alexander S. Drescher, of Brooklyn, N. Y., for plaintiff.

Leroy W. Ross, of Brooklyn, N. Y. (Peter J. Brancato, U. S. Atty., of New York City, of counsel), for defendant.

GARVIN, District Judge. Plaintiff has filed a bill in equity seeking to restrain Bertram Gardner, collector of internal revenue, from proceeding toward the collection of the sum of $512.50, for which amount the defendant has filed a lien against moneys of plaintiff on deposit with the Mechanics' Bank. It appears that on or about May 20, 1920, an information was filed against the plaintiff charging a viola-

tion of title 2, §§ 3 and 21, of the National Prohibition Act (41 Stat. 308, 315), and that on or about June 28, 1920, plaintiff entered a plea of guilty and was thereupon sentenced to pay a fine of $100, which he paid; that on or about July 17, 1920, the defendant served upon plaintiff a notice and demand for the payment of $500, under the authority of section 35 of title 2 of said act, and that on July 28th a second notice and demand were similarly served; that on August 13, 1920, the defendant issued to the deputy collector a warrant for the collection of the sum of $512.50; and that on or about December 15, 1920, a notice of lien was served on the said bank. Plaintiff now moves for a preliminary injunction, restraining defendant from collecting the latter sum.

If this sum for which defendant has filed a lien is a tax, it may be doubted whether this action will lie. Section 3224, R. S. (Comp. St. § 5947), provides:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The questions involved herein have been recently discussed in the case of Thome v. Lynch (D. C.) 269 Fed. 995. With the views therein expressed, at least in so far as they are applicable to the case at bar, I am in accord. There a preliminary injunction was granted, under like conditions.

The collector of internal revenue is not at fault, however. Once the assessment is given to him, it follows that he must act, his duties being purely ministerial.

If Congress did not intend the process of distraint to be used for the collection of penalties imposed by section 35 of the National Prohibition Act, this action cannot lie. I do not find such intention, and I think the action is well brought, and that a preliminary injunction should issue upon giving an undertaking in an amount to be determined upon the settlement of the order granting the motion.